526 P.2d 1089

Adena Kay BRIGHTON, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Alice Truman, Judge, Respondents;

and

Ronald BRIGHTON, Real Party In Interest.

No. 2 CA–CIV 1701.

Court of Appeals of Arizona. Division 2.

Oct. 3, 1974.

Rehearing Denied Oct. 25, 1974.

Review Denied Dec. 3, 1974.

Wolfe, Greer & Mustacci, by Frank T. Mustacci, Tucson, for petitioner.

Johnson, Hayes & Dowdall, Ltd., by James G. Busby and John G. Stompoly, Tucson, for real party in interest.

OPINION

HATHAWAY, Chief Judge.

This special action challenges the jurisdiction of the respondent court to order dissolution of a marriage prior to resolution of property, custody and maintenance matters.

A.R.S. § 25–312 provides:

"Dissolution of marriage; findings necessary

The court shall enter a decree of dissolution of marriage if it finds *each* of the following:

1. That one of the parties, at the time the action was commenced, was domiciled in this state, or was stationed in this state while a member of the armed services, and that in either case the domicile or military presence has been maintained for ninety days.

2. The conciliation provisions of § 25–381.09 either do not apply or have been met.

3. The marriage is irretrievably broken.

4. To the extent it has jurisdiction to do so, the court has considered, approved, and made provision for child custody, the support of any, natural or adopted, child common to the parties of the marriage entitled to support, the maintenance of either spouse and the disposition of property." (Emphasis supplied)

Real party in interest filed a petition for dissolution of marriage and, in her responsive pleading, petitioner agreed that the marriage was irretrievably broken. Thereafter real party in interest filed a motion for summary judgment and/or dissolution. Petitioner opposed the motion, asserting the court had no jurisdiction to enter a decree of dissolution under A.R.S. § 25–312, supra, without there either being a property settlement agreement between the parties or a full hearing to resolve disputes pertaining thereto.[1]

The respondent court granted the motion for partial summary judgment whereupon petitioner sought appellate intervention by way of special action.

We agree with petitioner that the language of A.R.S. § 25–312 clearly mandates that all issues relative to the marital status and the termination thereof be resolved prior to entry of a decree of dissolution. Piecemeal litigation is not to be encouraged; to the contrary, amicable settlement of custody, maintenance and property disputes between spouses is the desirable goal. Were dissolution of the marital status to be allowed prior to resolution of the other issues, litigation would be fostered rather than deterred.

The "partial summary judgment" submitted to the respondent court recites that the real party in interest maintained the requisite domicile, that the provisions of A.R.S. § 25–381.09 do not apply or have been met, that the marriage is irretrievably broken and that the court finds no reason for delay and therefore expressly directs entry of judgment to the extent that the marriage between the parties be dissolved. It further recites:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the marriage previously existing between the parties is hereby dissolved,

2. That all issues remaining to be decided including property distribution shall abide the final outcome of this matter; . . . ."

We hold that the respondent court lacks jurisdiction to enter a decree of dissolution until all issues between the parties are resolved.

It is therefore ordered that the respondent court be and it is hereby prohibited from signing the "partial summary judgment" of dissolution.

HAIRE, Acting P. J., Division 1, and KRUCKER, J., concur.

---

1. The petition for dissolution alleged that the parties had acquired community and other jointly-owned property and had incurred certain community debts and obligations; also, an equitable distribution of property and debts was requested. Petitioner filed a counterclaim/petition likewise requesting a fair and equitable distribution of the parties' property, spousal maintenance, an order to require her husband to pay the community obligations and her attorney's fees.