600 P.2d 1110

Patricia CZARNECKI, Appellant,

v.

Leonard S. CZARNECKI, Appellee.

No. 2 CA–CIV 2499.

Court of Appeals of Arizona,
Division 2.

Jan. 24, 1978.
Rehearing Denied March 21, 1978.
Review Granted April 11, 1978.

Warren R. Brock, Tucson, for appellant.

Bernard Weinstein, Tucson, for appellee.

## OPINION

HOWARD, Judge.

This appeal concerns the propriety of the court's disposition of military retirement pay. Appellant's complaint for separation filed May 16, 1972 alleged, inter alia, that this retirement pay was community property. Appellee's answer admitted this allegation and asked that there be an equitable division of all the community property of the parties. Appellee also counterclaimed for an absolute divorce. In December of 1973 there was a trial and on December 13, 1973 the court entered a decree of dissolution of marriage which disposed of all issues except those relative to the property rights of the parties. On March 14, 1974, the court entered a decree which disposed of the property. This decree was amended by a decree filed May 15, 1974. Neither of the decrees entered in 1974 referred to or reiterated any of the matters contained in the 1973 decree of dissolution and neither decree made any disposition of the retirement pay.

Appellee had retired from the military service on January 1, 1973 and was thus receiving military retirement pay prior to the entry of the decrees. On August 12, 1975, he filed a petition for an order to show cause which, among other things, asked the court to terminate his obligation for spousal maintenance due to appellant's remarriage. Appellant responded and filed her own petition asking that the retirement pay be distributed equitably by the court and pointing out that appellee's verified answer admitted that the retirement pay was community property. A hearing was commenced on October 28, 1975. During the direct examination of appellee the following took place:

"Q. During your period of military service, and more particularly specifically while you were married to your former wife, I want you to tell the Court where you lived during the various periods that constituted the twenty years.

A. The first station was in Las Vegas.

MR. BROCK: I'm going to object just because I don't understand the materiality or relevancy of it. In order to save time.

THE COURT: Well, its materiality to me, I was going to ask the same question, Mr. Brock. It may be one of the issues was whether or not during the time the right to the service retirement pay was being acquired they were residing in a community property jurisdiction.

MR. WEINSTEIN: That's the purpose of the question.

A. Well, Las Vegas was our first home. . . . ."

From then on questions were asked and answered, without objection, which were designed to establish when the parties' residence in Arizona commenced and their domicile prior to establishing that residency. One year after the termination of the hearing in November of 1975, the court entered a modified decree which states in part:

"In consideration of the provisions of A.R.S. Section 25–213 as it existed prior to August 8, 1973, and now exists, it is the opinion of the Court that the Defendant's military retirement pay represents a property right which he owned before his

marriage to Plaintiff and that it is, therefore, his separate property, as are also all increases and profits in retirement pay which he is entitled to by reason of his continued military employment after his marriage to Plaintiff."

After the modified decree was entered appellee filed a motion asking the trial court to correct the above quoted portion of the decree. However, before any action could be taken by the trial court, appellant perfected her appeal. In spite of the perfection of the appeal the court subsequently modified the decree to state: "Defendant is awarded all interest in Defendant's military retirement pay." It expressly found that the parties had been residents of the State of Arizona since 1966 and therefore 35% of the retirement pay constituted community property.

Appellant now contends that the trial court erred in not awarding her the retirement benefits. She claims she is entitled to one-half of 94%[1] of these benefits or at the very least one-half of 35%. She also claims that she should have been awarded her attorney's fees in the trial court.

█ As a preliminary matter, we note that the decree of December 13, 1973 which dissolved the marriage prior to the resolution of the property issues was void. *Brighton v. Superior Court; In and For the County of Pima,* 22 Ariz.App. 291, 526 P.2d 1089 (1974). It was not until the November, 1976 decree was entered that all matters were disposed of and it was proper to enter a decree of dissolution. While the language in this later decree is somewhat ambiguous, we construe it as also ordering a dissolution of the marriage.

Appellant sets forth three reasons for her entitlement to one-half of 94% of the retirement benefits: (1) Appellee is bound by the admission in his pleading that the retirement benefits were community property; (2) the law of Illinois gives her an interest in those benefits which accrue by virtue of the period of time that appellee was in the service while a resident of Illinois; and (3)

A.R.S. § 25–318 treats all the benefits which accrued while they were married as community property.

█ It is clearly the law in Arizona that an admission in an answer is binding on the party making it, and is conclusive as to the admitted fact. No evidence may be shown to contradict the admitted fact, and a finding contrary thereto is erroneous. *Schwartz v. Schwerin,* 85 Ariz. 242, 336 P.2d 144 (1959); *Armer v. Armer,* 105 Ariz. 284, 463 P.2d 818 (1970). This rule does not apply to admissions contained in a prior pleading in another lawsuit between different parties. *Fox v. Weissbach,* 76 Ariz. 91, 259 P.2d 258 (1953). However, an admission in the pleadings may be waived as where the parties treat the admitted fact as in issue. 71 C.J.S. Pleading § 161. Admission of testimony which contravenes the admission of the pleading amounts to a waiver. *Bennett v. Thompson,* 145 So. 783 (La.App.1933). The record here demonstrates that appellant waived the admission by a failure to object. The issue of the extent of the community's interest in the retirement benefits was thus before the trial court.

█ We do not believe that appellant can claim any interest in the retirement benefits under the law of the State of Illinois. In Illinois the property of the husband cannot be conveyed to the wife unless special circumstances and equities are alleged and proven, such as the contribution of money or services, other than those normally performed in a marriage relationship, which has directly or indirectly been used to acquire or enhance the value of the property. *Overton v. Overton,* 6 Ill.App.3d 1086, 287 N.E.2d 47 (1972). If under Illinois law there in fact be any interest in the unvested retirement pay which accrued during the time the parties were residents of the State of Illinois, it is the separate property of the husband.

█ Appellant contends that in any event A.R.S. § 25–318, Added Laws 1973, Ch. 139, § 2 authorizes the trial court to

---

1. The remaining 6% represents appellee's military service prior to his marriage to appellant.

treat all of the retirement benefits which accrued during marriage as community property even though some of the benefits are attributable to employment in a non-community property state. The statute provides in part:

" . . . For purposes of this section only, property acquired by either spouse outside the state shall be deemed to be community property if said property would have been community property if acquired in this state. . . . "

In *Oppenheimer v. Oppenheimer*, 22 Ariz. App. 238, 526 P.2d 762 (1974) we held that the statute cannot be given retroactive effect when the result would be to destroy vested rights. In *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977) the court held that an unvested right to a pension is a contractual right. We believe that appellee's pension rights prior to moving to Arizona are of such a nature as to proscribe retroactive application of the statute. In so deciding, we apply Arizona law because we have been unable to find any Illinois statutory or case law governing a factual situation such as we have here. Nor is there any way that we can predict how the courts of Illinois would characterize one spouse's interest in the other's unvested pension right because under Illinois law this question may never arise. Under such circumstances we believe that the law of Arizona should govern on the question of whether there is a property right in an unvested pension.

■ After the appeal was perfected in this case the trial court found that the community interest in the retirement pay was 35%. We are constrained to disregard this finding as being binding upon us since the modification of the judgment and the finding made by the court was a nullity. *Burkhardt v. Burkhardt*, 109 Ariz. 419, 510 P.2d 735 (1973). The record does, however, support a finding that 35% of the retirement pay constitutes community property and appellee in his brief states that such a finding would be supported by the record.

■ We agree with appellant's position that she is entitled to one-half of the community interest in the retirement income.

In the absence of sound reason each party must receive a substantial equivalent in the community property. *Hatch v. Hatch*, 113 Ariz. 130, 547 P.2d 1044 (1976).

■ Appellee relies on the case of *McClennen v. McClennen*, 11 Ariz.App. 395, 464 P.2d 982 (1970) to justify the award to him of all the community interest in the retirement pay. In that case we held that it would not have been proper to award the wife a one-half interest in the accounts receivable of her lawyer husband since it would have made it impossible for him to pay child support and alimony. The record here does not support a conclusion that if appellant were awarded 17½% of the retirement pay appellee would be unable to make the only remaining obligation to appellant, to-wit child support in the sum of $375 per month. Appellee is receiving monthly retirement payments of approximately $1,035 per month and is a college graduate having a masters of science degree in public relations. He had obtained a certificate to teach on July 5, 1975. Furthermore, the nature of the retirement benefits is quite different from that of the sum certain accounts receivable that were at issue in *McClennen*. We do not believe that the trial court erred in refusing to award additional attorney's fees. Appellant had already received attorney's fees for the original trial in 1973. There was evidence from which the court could have concluded that she was able to pay her own attorney's fees. Moreover, the court could have legitimately concluded that the bulk of what occurred in 1975 should have been resolved at the trial in 1973, that the procedural "mish-mash" which necessitated further hearings was the result of the conduct of both parties and that the $1,000 attorney's fees previously awarded was adequate compensation for the entire case.

In his answering brief appellee has made a motion to dismiss because appellant did not designate the "complete" record and include all minute entries, all memoranda, any of the exhibits involved or a transcript of the proceedings of December, 1973. Nor

did appellant comply with Rule 75(d), Rules of Civil Procedure, which states:

"If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

 When a partial record is insufficient to decide an issue, the Court of Appeals will presume the trial court was correct. *Phoenix Airport Travelodge v. Dolgin,* 12 Ariz.App. 358, 470 P.2d 506 (1970). Such is not the case here. Furthermore, the failure to comply with Rule 75(d), Rules of Civil Procedure, does not require a dismissal of the appeal where the statement was not needed to apprise appellee, or the court, of the points that would have to be met, and the absence of such statement caused no prejudice. *Christensen v. Pryor,* 75 Ariz. 260, 255 P.2d 195 (1953). We also note that appellee's motion to dismiss was not made under a separate cover but was made in his answering brief. In *Christensen v. Pryor,* supra, the court held that such a motion was not timely filed by merely including it in the brief, stating:

"If the failure to file a concise statement of points to be relied upon on appeal handicaps or prejudices a party, he should call such failure to the attention of the trial court or appellate court, and cause a sufficient record to be presented on appeal so that the matter may be disposed of upon its merits. The purpose of the rule requiring motions to dismiss to be presented under separate cover is to insure that the motion will be promptly called to the attention of this court. A ruling can thus be had prior to any undertaking to answer on the merits." [2]

The judgment is reversed and the case is remanded to the trial court with instructions to determine the interest of the community in appellee's retirement pay and award each one-half of that community interest.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

2. See, Rule 7(e), Rules of the Supreme Court.