600 P.2d 1098

Patricia CZARNECKI, Appellant,

v.

Leonard S. CZARNECKI, Appellee.

No. 13684–PR.

Supreme Court of Arizona,
In Banc.

April 4, 1979.

Warren R. Brock, Tucson, for appellant.

Bernard Weinstein, Tucson, for appellee.

HOLOHAN, Justice.

Appellant, Patricia Czarnecki, filed an appeal challenging the division made by the superior court of appellee's military retirement. The Court of Appeals reversed the judgment of the superior court. *Czarnecki v. Czarnecki*, 123 Ariz. 478, 600 P.2d 1110 (App.1978). Appellee petitioned for review.

We granted review because of the conflict between the decision by the Court of Appeals in this case and the decision of Division One of the Court of Appeals in *Furimsky v. Furimsky*, 122 Ariz. 385, 595 P.2d 177 (App.1978).

We approve and adopt the holding of Division Two of the Court of Appeals in this case.

Since the decision by the Court of Appeals in this case the United States Supreme Court decided *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) in which the court ruled that the Railroad Retirement Act prohibited the division of retirement benefits under community property law. The appellee, who contends that his military retirement is not subject to division, now argues that *Hisquierdo* is applicable to military retirement benefits.

In further support of his petition, counsel for appellee points out that the provisions of 10 U.S.C. 1440 which provide:

"No annuity payable under this subchapter is assignable or subject to execution, levy, attachment, garnishment, or other legal process."

is similar to the language used in the Railroad Retirement Act.

Although the language of 10 U.S.C. 1440 is similar to that in 45 U.S.C. 231(m) which was construed in *Hisquierdo*, it must be noted, however, that the provisions of 10 U.S.C. 1440 are applicable to annuities under the family protection plan. 10 U.S.C. 1431 *et seq.* Annuities under the plan are payable after the death of the retired serviceman. 10 U.S.C. 1437. The language of 10 U.S.C. 1440 is not applicable to appellee's retirement pay.

Since counsel has not cited us to any other authority, we adhere to the position that military retirement is subject to state community property law. *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977); *Neal v. Neal*, 116 Ariz. 590, 570 P.2d 758 (1977).

The judgment of the superior court is reversed, and the case is remanded to that

court for further proceedings consistent with the views expressed in the opinion by the Court of Appeals in this cause.

STRUCKMEYER, V. C. J., and HAYS, J., concur.

GORDON, Justice (concurring in part and dissenting in part):

For the reasons stated in my dissent in *Furimsky v. Furimsky,* 122 Ariz. 430, 595 P.2d 662 (1979), I dissent from the majority's conclusion that the quasi-community property section of A.R.S. § 25–318A is prospective in application.

I concur, however, with the majority's conclusion that military retirement is subject to state community property law.

CAMERON, Chief Justice (concurring):
I concur with Justice GORDON.