691 P.2d 1102

**Barbara E. DAVIS,**
**Petitioner/Appellant,**

v.

**William M. DAVIS,**
**Respondent/Appellee.**

**No. 2 CA–CIV 4971.**

Court of Appeals of Arizona,
Division 2.

April 12, 1984.

Wolfe & Ostapuk, Chartered by David K. Wolfe and David R. Ostapuk, Tucson, for petitioner/appellant.

Stompoly & Even, P.C. by James L. Stroud, Tucson, for respondent/appellee.

## OPINION

BIRDSALL, Chief Judge.

This appeal is from the trial court's order refusing to set aside a partial summary

judgment in this dissolution case pursuant to Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S. The summary judgment contained Rule 54(b) findings and directions. It determined that certain closely held stock was the separate property of the appellee, William M. Davis, rather than community property. The appellant, Barbara E. Davis, filed a tardy notice of appeal from that judgment which our court dismissed as untimely.

■ The purpose of the Rule 60(c) motion was to avoid the failure to file a timely appeal of the judgment. The substantive question of the ownership of the stock was contested in the trial court. That issue is not before the court in this appeal. The appellant contends that the trial court could not finally decide the issue until all other issues were also determined. She argues that before a judgment with Rule 54(b) language can be entered in a dissolution case, the court must determine the ownership and distribution of all properties and make the findings required by A.R.S. § 25–312. She relies upon the decision of this court in *Brighton v. Superior Court, In and For the County of Pima*, 22 Ariz. App. 291, 526 P.2d 1089 (1974). *See also* our case *Czarnecki v. Czarnecki*, 123 Ariz. 478, 600 P.2d 1110 (App.1978), affirmed at 123 Ariz. 466, 600 P.2d 1098 (1979). The Rule 60(c) motion contended that the judgment was invalid (void) for this reason. The appellant also contended she had inadequate notice of the entry of the judgment and was thus entitled to relief pursuant to the recent Arizona Supreme Court decision in *Park v. Strick*, 137 Ariz. 100, 669 P.2d 78 (1983). These same arguments are made on appeal. We affirm.

We first hold that *Brighton* is not in point. In that case we held that the trial court could not enter a decree of dissolution without having made a division of the property, ruled on the issue of maintenance and provided for the children. We condemned the "piecemeal litigation" which occurred in *Brighton*. The determination of whether property is community or sepa-

rate during the pendency of a domestic dispute is not only proper and within the jurisdiction of the trial court but may also be desirable. This may be particularly true with regard to the ownership of a going business the management of which may be detrimentally affected by litigation. The appellant's argument that all the findings of the dissolution statute must be made is specious. She does not contest the breakdown of the marriage or the residence jurisdictional requirement. We presume the trial court found it had jurisdiction or it could not enter the judgment. The judgment was not voidable or invalid for any reason argued.

■ The appellant contends that the procedure followed by the trial court will create a dangerous precedent—that a limitless number of appealable judgments will be entered in dissolution cases. We certainly do not want to encourage such practice. The indiscriminate use of Rule 54(b) language has been condemned. *Pulaski v. Perkins*, 127 Ariz. 216, 619 P.2d 488 (App. 1980); *Watson Construction Company v. Amfac Mortgage Corporation*, 124 Ariz. 570, 606 P.2d 421 (App.1979); *Hill Brothers Chemical Company v. Grandinetti*, 123 Ariz. 84, n. 5, 597 P.2d 987 (App.1979). We agree with this critical caution. However, we disagree with the appellant in this appeal. Rule 54(b) requires an express determination by the trial court that there is no just reason for delay. Thus the trial court in its discretion must determine whether the particular claim which has been adjudicated is such that it should be made appealable, or whether it should await the final disposition of the case. In the latter case the rule provides that it will remain subject to revision. A purpose of the rule is to provide a way for determining whether the judgment is to be final. *Terrazas v. Superior Court, County of Maricopa, Division Five*, 112 Ariz. 434, 543 P.2d 120 (1975); *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 365 P.2d 208 (1961). Division One of our court

specifically approved the use of Rule 54(b) in a dissolution action in *Spector v. Spector*, 23 Ariz.App. 131, 531 P.2d 176 (1975). As our supreme court said in *Continental Casualty v. Superior Court, County of Maricopa*, 130 Ariz. 189, 635 P.2d 174 (1981):

> "... it is also possible for a trial court to abuse its discretion by *not* permitting Rule 54(b) language in granting summary judgment when the claim involved is clearly separate and distinct from the remaining claims and the possible injustice of delay would be avoided by entering judgment and making an immediate appeal available." 130 Ariz. at 192, 635 P.2d 174. (emphasis in original)

The appellant's contention that inadequate notice of the entry of judgment brings her within *Park v. Strick, supra,* is misplaced. She contends that because the clerk failed to send her notice of the entry of judgment as directed by Rule 77(g), that excuses the late filing of the notice of appeal. This is insufficient. *Park v. Strick, supra,* says so. There must be a showing establishing lack of notice from any source and additional extraordinary reasons. No such showing was made and the trial court's decision to deny relief was well within its discretion. The record demonstrates that a copy of the proposed judgment was lodged with appellant's counsel. Although it was signed one day before objections to its form could be made, that is not reversible error absent a showing of prejudice. No prejudice was shown. *Gutierrez v. Gutierrez*, 20 Ariz.App. 388, 513 P.2d 677 (1973). Not until over one month later were objections to the form of judgment and a motion to reconsider filed (Rule 59, Rules of Civil Procedure, 16 A.R.S.).

We will not disturb the ruling of the trial court.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.