703 P.2d 584

**Marjorie L. DE NOYELLES, Petitioner/Appellee,**

v.

**Marshal N. DE NOYELLES, Jr., Respondent/Appellant.**

**No. 1 CA–CIV 7416.**

Court of Appeals of Arizona, Division 1.

July 18, 1985.

Jennings, Strouss & Salmon by Nicholas Udall, Timothy W. Barton, and Stephen E. Crofton, Phoenix, for petitioner/appellee.

Lewis & Roca by Jeremy E. Butler and Janet Napolitano, Phoenix, for respondent/appellant.

## OPINION

BIRDSALL, Presiding Judge.

This appeal is from an order denying appellant's motion to set aside the decree of dissolution of the parties' marriage. The motion asserted that the judgment was void. Rule 60(c)(4), Rules of Civil Procedure, 16 A.R.S.

The petition for dissolution was filed by the appellee wife November 18, 1976. The appellant answered and subsequently a written stipulation signed by counsel for each party was filed providing that the appellee could present her evidence at a hearing on April 22, 1977, that appellant would not appear and his presence was waived. The minute entry for that hearing made the necessary findings of residence and that the marriage was irretrievably broken and approved the proposed decree. The decree was also signed and filed the same day as the minute entry. It was approved as to form by both the appellant and counsel. He is now represented by new counsel.

The minute entry contained the following sentence: "Further, the Court has considered and approved the disposition of community property and obligations." The decree recited "that the property division effectuated between the parties is reasonable."

A.R.S. § 25–317 provides:

"A. To promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them, and support, custody and visitation of their children.

B. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unfair.

C. If the court finds the separation agreement unfair as to disposition of property or maintenance, it may request the parties to submit a revised separation agreement or may make orders for the disposition of property or maintenance.

D. If the court finds that the separation agreement is not unfair as to disposition of property or maintenance, and that it is reasonable as to support, custody and visitation of children, the *separation agreement shall be set forth or incorporated by reference in the decree of dissolution* or legal separation and the parties shall be ordered to perform them. If the separation agreement provides that its terms shall not be set forth in the decree, the decree shall identify the separation agreement as incorporated by reference and state that the court has found the terms as to property disposition and maintenance not unfair and the terms as to support, custody and visitation of children reasonable.

E. Terms of the agreement set forth or incorporated by reference in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt.

F. Except for terms concerning the maintenance of either party and the support, custody or visitation of children, entry of the decree shall thereafter preclude the modification of the terms of the decree and the property settlement agreement, if any, set forth or incorporated by reference therein." (emphasis supplied).

The decree did not "set forth" or "incorporate" or "identify" any separation agreement as required by the statute. The record does not contain any separation

agreement and no exhibits were shown to be marked as such at the hearing.

The appellant makes two contentions: 1) that the court did not have before it any agreement to approve, and 2) that the failure to comply with the statute makes the decree void.

We affirm.

■ No evidence affirmatively shows that the trial court did not have the agreement. The decree is entitled to a presumption of regularity which cannot be rebutted absent affirmative proof to the contrary. In *Bill v. Gossett*, 132 Ariz. 518, 520–21, 647 P.2d 649, 651–52 (App.1982), the Court of Appeals said:

"A judgment regular on its face, entered by a court of general jurisdiction, enjoys a presumption of regularity. Once this presumption attaches, a party wishing to attack the judgment must overcome it by affirmative proof of the irregularity.... Moreover, where the record is merely silent as to a jurisdictional prerequisite, rather than where a lack of jurisdiction is facially apparent, the absence of such jurisdictional facts from the record will not overcome the presumption of regularity." (citations omitted).

And see *Coshatt v. Calmac Manufacturing Corp.*, 124 Ariz. 177, 602 P.2d 845 (App.1979). In the instant case, the decree was regular on its face. The trial judge specifically found that the property division effectuated by the parties was reasonable. And the minute entry specifically recited that the court had considered and approved the disposition of community property and obligations. There is no facial defect in the record from which it could be found that the trial court did not have, consider, and approve the agreement. The cases cited by the appellants, *Brecht v. Hammons*, 35 Ariz. 383, 278 P. 381 (1929); *Brighton v. Superior Court*, 22 Ariz.App. 291, 526 P.2d 1089 (1974); and *Czarnecki v. Czarnecki*, 123 Ariz. 478, 600 P.2d 1110 (App.1978), *aff'd*, 123 Ariz. 466, 600 P.2d 1098 (1979), all involved judgments which were irregular on their face.

■ Turning to the appellant's argument that the decree is void because it does not literally comply with the statute, such failure does not make the decree void. At best the failure was error and the resulting decree was therefore erroneous, not void. Our supreme court explained the difference recently in *Cockerham v. Zikratch*, 127 Ariz. 230, 234, 619 P.2d 739, 742 (1980):

"Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties.... Erroneous judgments are those which have been issued by a court with jurisdiction but which are subject to reversal on timely direct appeal." (Citations omitted).

In the instant case, the court had jurisdiction of both the subject matter and the parties. No one actually questions this.

Even more recently, the supreme court addressed the issue again:

"As this court recently discussed in *Cockerham v. Zikratch*, [supra], the term 'void' is often misused. While it may have been erroneous under the law applicable at the time the judgment was rendered for the trial court to award the property to appellee, such a judgment is not necessarily void. Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. *Cockerham v. Zikratch, supra.* Erroneous judgments, on the other hand, are those which have been issued by a court with jurisdiction but are subject to reversal on timely appeal. *Id.*

As previously discussed, the trial court in the instant action had jurisdiction over both the subject matter and the parties. Thus, appellant should have pursued his position by timely direct appeal. His present attempt to relitigate the judgment of the trial court is barred by the res judicata effect of the original divorce decree." *Auman v. Auman*, 134 Ariz. 40, 42, 653 P.2d 688, 690 (1982).

In a decision involving probate administration, the Court of Appeals held:

"Even if we were to assume that A.R.S. § 14–517 [now § 14–3973 and § 14–3974] required full written findings, their omission would be an error of law, susceptible to a direct appeal from the decree and not to collateral attack in this proceeding. Mere error of law does not amount to a jurisdictional defect which would allow collateral attack." *Maryland National Insurance Co. v. Ozzie Young Drilling Co.*, 22 Ariz.App. 195, 198, 526 P.2d 402, 405 (1974).

See also *Tippit v. Lahr*, 132 Ariz. 406, 646 P.2d 291 (App.1982).

The appellant's reliance on *Queen v. Queen*, 44 Cal.App.2d 475, 112 P.2d 755 (1941) is misplaced. That decision, for our purposes, holds that a decree which, as here, did not identify or incorporate the property settlement, was not res judicata as to the agreement. The decree did not adjudicate the terms of the agreement. This legal conclusion is not in dispute here. The California court did not find the decree void because it failed to set forth the terms of the agreement. The agreement was approved and made, by reference, a part of the decree.

The cited case of *Semmens v. Semmens*, 77 Ill.App.3d 936, 33 Ill.Dec. 558, 396 N.E.2d 1282 (1979) involved the intentional nondisclosure of an addendum to the agreement—a fraud—and is not in point.

We affirm the order of the trial court denying Rule 60 relief.

Affirmed.

FERNANDEZ and LIVERMORE, JJ., concur.

This case was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E) (Supp.1984).