854 P.2d 1180

**J.W. PORTER, Plaintiff–Appellant,**

v.

**ESTATE OF Ludie Lee PIGG, deceased, Defendant–Appellee.**

**No. 1 CA–CV 91–027.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 26, 1993.

Review Granted July 7, 1993.

Law Office of Michael Reddig, P.C. by Michael S. Reddig, Flagstaff, for plaintiff-appellant.

Aspey, Watkins & Diesel by Frederick M. Aspey and James E. Ledbetter, Flagstaff, for defendant-appellee.

OPINION

JACOBSON, Presiding Judge.

The sole issue in this appeal is whether a decree of dissolution of marriage that granted a dissolution but reserved disposition of property was void.

The facts are not in dispute. Appellant J.W. Porter and Irma Jean Porter were married in Newton, Mississippi, on May 28, 1983. In 1986, appellant, then domiciled in Arizona, filed a petition for dissolution of that marriage. On August 29, 1986, the Superior Court of Coconino County, Arizona, entered a "Decree of Dissolution of Marriage." This decree, in pertinent part, provided:

> This proceeding having come on regularly to be heard and Petitioner [J.W. Porter] and Respondent [Irma Jean Porter] both appearing in person and by counsel, and *the parties further stipulating to bifurcate this matter so that the property aspects hereof be decided and ordered at a later date,* and the Court being fully advised,

[The Court found that one of the parties had resided and was domiciled in Arizona more than ninety days prior to the filing of the petition, that the marriage was irretrievably broken, that the conciliation provisions do not apply, and that the parties were still negotiating "remaining issues."]

IT IS ORDERED, ADJUDGED AND DECREED that:

The parties['] marriage is dissolved; and

The Court retains jurisdiction of this matter for further proceedings on the property aspects.

On December 21, 1986, appellant married Ludie Lee Pigg (Ludie Lee). On March 12, 1987, the Coconino County Superior Court entered another decree, which disposed of the property of J.W. Porter and Irma Jean Porter. Although designated a "Decree of Dissolution of Marriage," the decree dealt only with the division of property and did not purport to again dissolve the Porter marriage. The March 12, 1987, decree recited:

The Court has determined ... substantive portions of this dissolution in its Decree of Dissolution of Marriage previously entered August 29, 1986, the Court retaining jurisdiction of this matter for proceedings today on the property aspects of this dissolution of marriage.

This decree divided the property of appellant's former marriage pursuant to a stipulation. No appeal was filed by either party from the August 29, 1986, decree or the March 12, 1987, decree.

On June 14, 1989, Ludie Lee died. On January 22, 1990, appellant made a claim against the estate of Ludie Lee, as her surviving spouse, for an allowance in lieu of homestead under A.R.S. § 14–2401 and an exempt property allowance under A.R.S. § 14–2402. Both of these allowances are predicated upon appellant's status as the surviving spouse of Ludie Lee at the time of her death. The claims were disallowed by the estate and this litigation ensued.

On cross-motions for summary judgment, the trial court entered judgment in favor of the estate, holding, as a matter of law, that the bifurcated decree of dissolution entered on August 29, 1986, between appellant and Irma Jean Porter was void, and concluding that at the time appellant married Ludie Lee, he was still legally married to Irma Jean. Consequently, appellant was not the surviving spouse of Ludie Lee at the time of her death. This appeal followed.

The trial court's finding that the August 19, 1986 decree was void was based upon the following excerpt from *Czarnecki v. Czarnecki:*

As a preliminary matter, we note that the decree of December 13, 1973, which dissolved the marriage prior to the resolution of the property issues *was void.* 123 Ariz. 478, 480, 600 P.2d 1110, 1112 (App.1978), *approved on other grounds,* 123 Ariz. 466, 600 P.2d 1098 (1979) (emphasis added).

Two observations need to be made concerning this statement. First, it is clearly dictum. The issue in *Czarnecki* was the division of military retirement pay that was not included in any of the decrees issued in that case, including the final decree entered in 1974. Therefore, any issue of the validity of the previous decree dissolving the marriage prior to disposition of property issues was completely immaterial to any resolution of a subsequent petition to dispose of the military retirement pay. Second, this statement in *Czarnecki* relies on a prior decision of that court, *Brighton v. Superior Court,* 22 Ariz.App. 291, 526 P.2d 1089 (1974). *Czarnecki,* 123 Ariz. at 480, 600 P.2d at 1112. *Brighton* was a special action to test the propriety of a trial court's action in attempting to sign a decree of dissolution of marriage prior to a full hearing to determine property issues. In that case, the court of appeals properly held:

We agree with petitioner that the language of A.R.S. § 25–312 clearly mandates that all issues relative to the marital status and the termination thereof be resolved prior to entry of a decree of dissolution. Piecemeal litigation is not to be encouraged; to the contrary, amicable settlement of custody, maintenance and property disputes between spouses is the

desirable goal. Were dissolution of the marital status to be allowed prior to resolution of the other issues, litigation would be fostered rather than deterred. *Brighton*, 22 Ariz.App. at 292, 526 P.2d at 1090.

After making these completely valid observations and therefore implying that the trial court's action was in error, the *Brighton* court made the following unfortunate conclusion:

We hold that the respondent court *lacks jurisdiction* to enter a decree of dissolution until all issues between the parties are resolved.

*Id.* (emphasis added).

In our opinion, the use of the words "void" and "lacks jurisdiction" in these cases is improper under the following reasoning of the Arizona Supreme Court:

As this court recently discussed in *Cockerham v. Zikratch*, 127 Ariz. 230, 619 P.2d 739 (1980), the term "void" is often misused. While it may have been erroneous under the law applicable at the time the judgment was rendered for the trial court to award the property to appellee, such a judgment is not necessarily void. *Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties....* Erroneous judgments, on the other hand, are those which have been issued by a court with jurisdiction but are subject to reversal on timely appeal.

*Auman v. Auman*, 134 Ariz. 40, 42, 653 P.2d 688, 690 (1982) (emphasis added).

In this case, at the time the Coconino County Superior Court entered the August 29, 1986, decree of dissolution, there was no contention that the court did not properly acquire personal jurisdiction over the Porters or that it lacked jurisdiction to enter a decree of dissolution. *See* A.R.S. § 25–311(A) ("The superior court is vested with original jurisdiction to hear and decide all matters arising pursuant [to dissolution of marriage]").

■ The only question remaining is whether the provisions of A.R.S. § 25–312 are jurisdictional. That statute provides that the court shall enter a decree of dissolution if it makes certain findings, including domicile, that the conciliation provisions do not apply or have been met, the marriage is irretrievably broken, and "[t]o the extent it has jurisdiction to do so, the court has ... made provision for ... the disposition of property." A.R.S. § 25–312(4).

It is apparent by the terms of the statute that the disposition of property is not essential to the court's power to enter a decree of dissolution because such disposition is only possible if the court can exercise jurisdiction over the property. Moreover, if the court has jurisdiction to dispose of the property but does not do so in the decree, that fact does not affect the validity of the dissolution; rather, such property is merely held as tenants in common from the date of the decree until further disposition. *See, e.g.*, A.R.S. § 25–318(B).

If we were to hold that the property disposition provision of A.R.S. § 25–312 was a jurisdictional prerequisite to entry of a valid decree of dissolution, we would also have to hold that the failure to recite other necessary findings in A.R.S. § 25–312 would make the dissolution invalid. In an analogous situation, this court held that the failure of the decree to follow statutory dictates exactly does not render the decree void. *See De Noyelles v. De Noyelles*, 146 Ariz. 37, 703 P.2d 584 (App.1985). In *De Noyelles*, the court was faced with a decree of dissolution that approved a property settlement agreement, but contrary to the requirements of A.R.S. § 25–317, did not either incorporate the agreement or refer to its terms. In refusing to hold such a defect jurisdictional, the court stated:

Turning to the appellant's argument that the decree is void because it does not literally comply with the statute, such failure does not make the decree void. At best the failure was error and the resulting decree was erroneous, not void.

*Id.* at 39, 703 P.2d at 586. Likewise, in an analogous probate setting, we have concluded that, even when a statute requires full written findings in a decree, "their omission would be an error of law, suscep-

tible to a direct appeal from the decree and not to collateral attack.... Mere error of law does not amount to a jurisdictional defect which would allow collateral attack." *Maryland Nat'l Ins. Co. v. Ozzie Young Drilling Co.*, 22 Ariz.App. 195, 198, 526 P.2d 402, 405 (1974).

Similarly, in this case, the failure of the trial court to dispose of the Porters' property prior to entering a dissolution decree was, at best, erroneous. However, that error did not make the dissolution decree "void," but only made it subject to correction by a timely appeal. The parties who were directly affected by that decree did not appeal and its effect became final. *See Auman*, 134 Ariz. at 42, 653 P.2d at 690 (later attempt to relitigate decree in absence of timely appeal is barred by res judicata effect of decree). For us to allow a jurisdictional collateral attack on a final decree because of a procedural error the parties found inconsequential at the time they could have challenged it would potentially affect important rights of third parties as well; for example, children born as a result of a facially valid second marriage. We refuse to allow such a collateral attack on a final decree.

We therefore hold that the August 29, 1986, decree of dissolution dissolved the marriage of J.W. Porter and Irma Jean Porter. Therefore, on December 21, 1986, appellant was free to legally marry Ludie Lee. The judgment of the trial court disallowing appellant's claims as surviving spouse is reversed and the matter remanded for further proceedings consistent with this opinion.

CLABORNE and GARBARINO, JJ., concur.