856 P.2d 796

**J.W. PORTER, Plaintiff/Appellant,**

v.

**ESTATE of Ludie Lee PIGG, deceased, Defendant/Appellee.**

**No. CV–93–0093–PR.**

Supreme Court of Arizona, En Banc.

July 27, 1993.

Law Office of Michael Reddig, P.C. by Michael S. Reddig, Flagstaff, for plaintiff/appellant.

Aspey, Watkins & Diesel by Frederick M. Aspey and James E. Ledbetter, Flagstaff, for defendant/appellee.

**OPINION**

FELDMAN, Chief Justice.

The court of appeals ruled in this case that the decree dissolving the marriage of J.W. Porter ("Porter") and Irma Jean Porter was effective notwithstanding the trial court's bifurcation of issues and consequent failure to distribute the property of the parties. *Porter v. Estate of Pigg*, 175 Ariz. 194, 197, 854 P.2d 1180, 1183 (1993). The court of appeals held, therefore, that Porter's subsequent marriage to Ludie Lee Pigg (the "Deceased") was valid and that the trial judge erred in disallowing Porter's claims, as surviving spouse, against the Deceased's estate.

Although we agree with the court of appeals, we felt that it was necessary to grant review because the opinion conflicts with language in *Czarnecki v. Czarnecki*, 123 Ariz. 478, 480, 600 P.2d 1110, 1112 (Ct.App.1978), *aff'd on other grounds*, 123 Ariz. 466, 600 P.2d 1098 (1979), and *Brighton v. Superior Court*, 22 Ariz.App. 291, 292, 526 P.2d 1089, 1090 (1974). Language in *Czarnecki* and *Brighton* indicates that a decree of dissolution is void for lack of jurisdiction if a trial judge dissolves a marriage without, at the same time, distributing the community assets. We believe these statements were both unfortunate and incorrect. The use of separate judgments to resolve issues of marriage dissolution and property distribution is error. As stated by the court of appeals in the present case, such judgments are not void. *Porter*, 175 Ariz. at 197, 854 P.2d at 1183. They are, however, erroneous, *see Auman v. Auman*, 134 Ariz. 40, 42, 653 P.2d 688, 690 (1982), and their use is disapproved. Thus, we approve the court of appeals' analysis in the present case and disapprove all contrary language in *Czarnecki* and *Brighton*.

The court of appeals' opinion is approved, the trial court's judgment disallowing Porter's claims against the estate is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion and that of the court of appeals.

MOELLER, V.C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.