IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In Re The Matter Of:

WENDY LYNN LARCHICK, *Petitioner/Appellee,*

*v.*

ROBERT JOHNSTON POLLOCK, *Respondent/Appellant.*

No. 1 CA-CV 19-0649 FC

FILED 12-9-2021

---

Appeal from the Superior Court in Maricopa County
No.  FN2017-004494
The Honorable Michael C. Blair, Judge

**VACATED AND REMANDED IN PART**

---

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Respondent/Appellant*

Jardine Baker Hickman & Houston PLLC, Phoenix
By Amy H. Hoffman
*Counsel for Petitioner/Appellee*

---

**OPINION**

Presiding Judge Jennifer B. Campbell delivered the opinion of the Court, in which Judge Lawrence F. Winthrop[1] and Judge Samuel A. Thumma joined.

---

**C A M P B E L L**, Judge:

**¶1**        Robert Johnston Pollock (Husband) appeals from a decree dissolving his marriage to Wendy Larchick (Wife). He challenges the family court's rulings on (1) the admissibility of expert testimony, (2) the division of property, and (3) a partial award of attorneys' fees to Wife. For the following reasons, we vacate the decree in part and remand for further proceedings consistent with this opinion.

**BACKGROUND**[2]

**¶2**        Husband and Wife married in October 2016. Before the marriage, Wife started a real estate business (the Business). During the marriage, Wife created, and was the managing member of, a limited liability company (the LLC). In April 2017, the LLC purchased a building (the Office) in which to run operations for the Business.

**¶3**        Approximately ten months after the parties married, Wife served Husband with a petition for legal separation that she later converted into a petition for dissolution. At the resulting trial, over Wife's objection,

---

[1]        Judge Lawrence F. Winthrop was a sitting member of this Court when the matter was assigned to this panel of the court. He retired effective June 30, 2021. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Winthrop as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

[2]        "We view the facts in the light most favorable to sustaining the [family] court's findings and orders." *Hefner v. Hefner*, 248 Ariz. 54, 57 n.2 (App. 2019) (citation omitted).

Husband claimed a community interest in both the increased value of the Business during the marriage and the Office.

¶4 Following trial, the family court entered orders dividing certain property and dissolving the parties' marriage. The court did not, however, address the allocation of the Business' alleged increased value, nor did it determine whether the community had an interest in the Office. Instead, the court ordered a second trial to determine whether the Business increased in value during the marriage, and, if so, the cause of that increase.

¶5 Before the second trial, Husband timely disclosed a "calculation of value" report created by his expert, Don Bays, opining that the Business increased in value by $546,041 during the marriage. In his pretrial statement, Husband explained the methods Bays used to determine the increase. Wife, in turn, timely disclosed her expert's "full appraisal" report, stating that the Business increased in value by $93,000 during the marriage. Claiming Husband's "calculation of value" report was not as reliable as other, more complete types of valuation reports, Wife objected to the admission of Bays' report and corresponding testimony under Arizona Rule of Evidence (Rule) 702.

¶6 Both experts were present at the second trial. Wife was allowed to voir dire Bays before the family court ruled on her objection to him testifying. In response to voir dire questioning, Bays stated that he had advised Husband in his initial engagement letter that he would be unable to testify to a calculation of value report. Bays also confirmed that he repeated the same disclaimer in the report itself: "[I]n the event that testimony is required, either at a deposition or trial, *we require* the calculation schedules be upgraded to a formal summary valuation report with a conclusion of value." (Emphasis added).

¶7 After the voir dire was completed, the family court sustained Wife's objection and excluded Bays' opinion testimony. Noting that Bays admitted he did not expect his report would be admissible at trial, the court ruled his testimony was inadmissible because he failed to "follow all possible methods that an expert should be using, all reliable methodology."

¶8 Husband then attempted to call Wife's expert to testify as an adverse witness. Although both parties had listed Wife's expert as a trial witness and the expert was present in the courtroom, the family court sustained Wife's objection. The court ruled that because Husband had not subpoenaed Wife's expert, she was under no obligation to testify. After excluding Husband's expert and precluding Husband from calling Wife's

expert, the court granted Wife's motion for a directed verdict because there was "no evidence presented . . . that there was an increase in the business."

¶9　　　　The family court then considered whether the community had any interest in the Office. Wife offered in evidence the purchase contract for the building, which named Wife and the Business as the buyer. She also offered a loan agreement to finance the purchase of the Office. That agreement named the LLC as the borrower, was signed by Wife in her capacity as the LLC's managing member, and identified Wife and the Business as guarantors. Wife asserted that she had paid the remainder of the purchase price with her "sole and separate funds." For his part, Husband pointed out that the marital community had also guaranteed the purchase loan. The court found that because there was never any default on the loan, the "marital guarantee," which was Husband's "only tie" to the Property, no longer existed. Accordingly, the court ruled that Husband had "no community claim" to the Property.

¶10　　　　After trial, the family court awarded Wife a portion of her attorneys' fees and costs, finding that Husband's "unreasonableness" in failing to prepare and present admissible testimony at trial outweighed "the substantial disparity that [W]ife earns more." Husband unsuccessfully moved to alter or amend the court's resulting final judgment and then timely appealed.

## DISCUSSION

¶11　　　　As an initial matter, we address the family court's decision to dissolve the parties' marriage while retaining jurisdiction to subsequently decide property issues.

¶12　　　　Under Arizona's statutory scheme, property-allocation issues must be resolved concurrent with dissolution. Section 25-312(4) provides that "[t]he court shall enter a decree of dissolution of marriage *if*," among other things, "[t]o the extent it has jurisdiction to do so, the court has considered, approved and made provision for . . . the disposition of property." (Emphasis added). Similarly, A.R.S. § 25-318(A) provides that, when dissolving a marriage, "the court *shall* assign each spouse's sole and separate property to such spouse . . . [and] it *shall* also divide the community, joint tenancy and other property held in common equitably." (Emphasis added). *See also Dole v. Blair*, 248 Ariz. 629, 633, ¶ 12 (App. 2020) ("A.R.S. § 25-318 is clear in its mandate that community property must be divided on dissolution of the marriage."); A.R.S. § 25-327(A) (contemplating inclusion of property-division provisions in decree).

¶13       Here, the family court erred by bifurcating its rulings. But the error did not void the dissolution, which neither party appealed. *See Porter v. Estate of Pigg*, 175 Ariz. 194, 196-97 (App. 1993) (holding that A.R.S. § 25-312's command regarding property disposition did not void a pre-disposition dissolution, which was merely correctable by timely appeal), *approved by* 175 Ariz. 303 (1993) ("The use of separate judgments to resolve issues of marriage dissolution and property distribution is error," but "such judgments are not void."); *see also* A.R.S. § 25-318(D) (providing for automatic imposition of tenancy in common for commonly held property "for which no provision is made in the decree"). Nor does the error deprive us of jurisdiction to consider the appeal from the post-dissolution property rulings. *See Cooper v. Cooper*, 167 Ariz. 482, 487 (App. 1990) (holding that wife had right to bring action to divide property that parties knew about at time of decree but that was omitted from decree); *see also Rinegar v. Rinegar*, 231 Ariz. 85, 88, ¶ 12 (App. 2012) (recognizing that party may seek allocation of property omitted from decree either by separate civil action or by motion to reopen dissolution). Having jurisdiction in this matter, we now turn to the issues raised on appeal.

## I.       The Family Court Erred by Precluding Bays' Testimony.

¶14       Husband argues the family court erred by deciding that Bays could not testify that the Business had increased in value because his calculation did not employ "all possible methods" of valuation. Wife argues the court did not err because Bays himself had stated that his summary valuation would not be admissible.

¶15       We review a family court's ruling on the admissibility of expert testimony under Rule 702 for an abuse of discretion. *See Vanoss v. BHP Copper Inc.*, 244 Ariz. 90, 96, ¶ 13 (App. 2018). Under Rule 702, a witness "who is qualified as an expert" by knowledge or experience may render opinion testimony if the witness' "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Although Rule 702 "recognizes that trial courts should serve as gatekeepers" to ensure expert evidence is reliable (and helpful) to the finder of fact, this "gatekeeping function is not intended to replace the adversary system." *State v. Bernstein*, 237 Ariz. 226, 229, ¶ 14 (2015) (citing Ariz. R. Evid. 702 cmt.). Rather, "cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking *shaky but admissible evidence*." *Id*. (citation omitted) (emphasis added).

**¶16** Nothing in Rule 702 requires an expert to account for "all possible methods" of assessment, which would be an impossible standard in practice. To the extent the family court excluded Bays' testimony because he "did not follow all possible methods," it erred. In excluding the testimony, the court improperly deferred to Bays' understanding of what evidence would be admissible on the matter. Bays' statements reflected his *personal* view that in creating the "calculation of value" report, he did not employ "all the [possible] processes and procedures" of a full "summary valuation" analysis. But Bays was not qualified to offer legal opinions on the admissibility of the evidence under Rule 702; that is the job of the court.

**¶17** Husband was entitled to have the family court assess the admissibility of his expert's testimony under the applicable Rules of Evidence, in particular, Rule 702. Bays' "calculation of value" evidence might have been vulnerable to effective cross-examination, but it was not rendered inadmissible simply because the expert called its admissibility into question. As the trier of fact, the family court would be free to give the expert's opinion little or no weight. But the court could not simply declare the testimony inadmissible based on the expert's suggestion that his opinion would have been better had he been allowed to do more analysis.

**¶18** Moreover, even though a "calculation of value" opinion may be short of the gold standard, it is not *per se* unacceptable or inadmissible. *See Mortensen v. Mortensen*, 1 CA-CV 15-0097 FC, 2016 WL 3211196, at *1-4, ¶¶ 1-19 (Ariz. App. June 9, 2016) (mem. decision); *see also Driss v. Driss*, 1 CA-CV 18-0243 FC, 2019 WL 544495, at *1-3, ¶¶ 1-11 (Ariz. App. Feb. 12, 2019 ) (mem. decision); *Stickler v. Stickler*, 1 CA-CV 19-0115 FC, 2020 WL 62473, at *1-3, ¶¶ 1-16 (Ariz. App. Jan. 7, 2020) (mem. decision). Here, the family court apparently precluded Bays' testimony because the expert's "calculation of value" opinion did not consider every single process and procedure that would be included in a full "summary valuation" report. Although a mere "calculation of value" perhaps presents substantial cross-examination fodder, an expert's failure to consider every single process, standing alone, does not render relevant evidence inadmissible. Ariz. R. Evid. 703; *Bernstein*, 237 Ariz. at 229, ¶ 14.

**¶19** Wife argues on appeal that *Mortensen* supports the exclusion of Bays' evidence. In *Mortensen*, however, the family court allowed the expert to testify at trial, but ultimately disregarded his opinion when it ruled on the valuation issue. 1 CA-CV 15-0097 FC, at *2, ¶¶ 3, 5. On appeal, this Court upheld the court's discounting of the expert's "calculation of value" report because it was "incomplete and unreliable," and "[t]he record containe[d] evidence supporting these findings." *Id.* at *3, ¶ 17. Here,

however, the court precluded the evidence altogether. Moreover, as *Mortensen* acknowledged, an expert's failure to "use the most appropriate method of valuation" and "consider *all* appropriate data" in valuing a business does not preclude admissibility. *Id*. at \*4, ¶ 18 (emphasis added). Such failures may indicate "flaws" in an expert's valuation but are ultimately "matters of credibility that are within the family court's discretion." *Id*. (citing *Bernstein*, 237 Ariz. at 229, ¶ 14).

**¶20**        Because the family court failed to properly evaluate Bays' testimony under Rule 702, we remand so the court may determine whether Bays' evidence clears the reliability threshold. If the court concludes Bays' testimony is admissible, it may then determine the proper weight to afford it.

**¶21**        Given our resolution of this issue, the family court's award of attorneys' fees to Wife (based on its finding that Husband took unreasonable positions at trial) is vacated for further consideration following proceedings on remand. We also need not resolve Husband's argument that the family court erred by precluding him from calling Wife's expert, who had been listed as a potential witness by both parties and was present in the courtroom on the day of trial, to testify. Nonetheless, we note that when a witness listed for trial is present in the courtroom, whether the witness was subpoenaed to be present is irrelevant. A party may call to the witness stand any witness properly noticed and present. *Cf. Gordon v. Indus. Comm'n*, 23 Ariz. App. 457, 459 (1975) (explaining that "[t]he purpose of a subpoena is to obtain the presence of a witness at the hearing," adding that "[o]nce that witness is present, barring any sort of privilege, generally, either party may call him to testify"); *Garcia v. Indus. Comm'n*, 20 Ariz. App. 243, 246 (1973) ("[T]here is nothing to prevent a party from presenting witnesses who are willing to appear and testify without being subpoenaed.").

## II.    The Family Court Erred by Concluding There Was No Evidence the Business Increased in Value During the Marriage.

**¶22**        Husband does not dispute that the Business is Wife's sole and separate property, but argues the community is entitled to an equitable lien on the amount by which it increased in value during the marriage. He argues the court erred by finding the Business did not increase in value, given that Wife's pretrial statement recounted her expert's opinion that the business had increased by $93,000. We agree the court erred by concluding the Business did not increase in value.

¶23        The opinion of Wife's expert, as recounted in her pretrial statement, was admissible as a statement by an opposing party under Rule 801(d)(2)(D). *See Ryan v. San Francisco Peaks Trucking Co.*, 228 Ariz. 42, 47, ¶ 16 (App. 2011). Wife argues that her disclosure of her expert's opinion that the Business increased in value was "irrelevant" because Husband had the burden to prove any increase. *See Hefner v. Hefner*, 248 Ariz. 54, 60, ¶ 17 (App. 2019). But whether Wife now agrees with her expert's opinion does not matter. Her disclosure of that opinion in her pretrial statement rendered it admissible against her, and once Husband cited it to the family court, the opinion constituted some evidence that the Business had increased in value. *See Ryan*, 228 Ariz. at 47, ¶ 16; Ariz. R. Fam. Law 76.1(f)(7) (pretrial statement must contain a party's "position on each contested issue"). In short, Wife's pretrial statement informed the family court what her evidence would show. Having disclosed her expert's opinion, that opinion became a basis upon which the court could rely. For that reason, and contrary to the court's finding, there was evidence before it that the Business had increased in value during the marriage. On remand, the court must determine the amount and nature of that increase, if any.

### III.    The Family Court Erred by Dismissing Husband's Community Claim to the Property.

¶24        Husband next argues the family court improperly imposed on him the burden to show a community interest in the Office and "erred in finding that [he] had no community claim." As noted, Wife's LLC purchased the Office during the marriage, and on appeal, Wife contends that "there is no evidence in the record to demonstrate that this could have ever been community property."

¶25        We review de novo the family court's characterizations of property as separate or community. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015). Subject to exceptions not applicable here, "[a]ll property acquired by either husband or wife during the marriage is the community property of the husband and wife." A.R.S. § 25-211(A); *see also Hammett v. Hammett*, 247 Ariz. 556, 559, ¶ 14 (App. 2019). To rebut this strong presumption, the spouse contending such property is separate has the burden of establishing the property is separate by "clear and convincing evidence." *Nace v. Nace*, 104 Ariz. 20, 22-23 (1968) (citations omitted); *see also Brebaugh v. Deane*, 211 Ariz. 95, 97-98, ¶ 6 (App. 2005). In the absence of such evidence, all property acquired during the marriage by either spouse is community property. *Benson v. Hunter*, 23 Ariz. 132, 134-35 (1921).

**¶26**        When a claim is made that "property purchased during the existence of a marriage is the separate property of one of the spouses, *the fund* with which such property was acquired *must be clearly shown* to have been the separate property of such spouse." *Blaine v. Blaine*, 63 Ariz. 100, 109-10 (1945) (emphasis added). Wife, however, did not prove the source of the funds used to purchase the Office, nor did she establish those funds were her separate property.

**¶27**        Here, the LLC apparently borrowed a significant portion of the purchase price of the Office. Although Wife asserted the balance of the price was paid with her "sole and separate funds," no trial evidence reveals the source of those funds. Because the evidence does not support the family court's finding that Husband had no community claim to the Office, we vacate that finding and remand for further proceedings.

## CONCLUSION

**¶28**        We vacate the decree in part and remand for further proceedings consistent with this opinion. On remand, the family court will need to address the admissibility of Bays' testimony, whether the Business increased in value during the marriage, the source of the funds used to purchase the Office, whether the Office is separate or community property, and the award, if any, of attorneys' fees. In our discretion, we decline both parties' requests for attorneys' fees on appeal under A.R.S. § 25-324. As the prevailing party, however, Husband is entitled to recover taxable costs incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA

9