259 P.2d 258

**FOX v. WEISSBACH.**

No. 5669.

Supreme Court of Arizona.

July 6, 1953.

Jack Cavness, of Phoenix, for appellant.

Herbert Mallamo, of Phoenix (Leslie Parry, Phoenix, of counsel), for appellee.

UDALL, Justice.

This is an appeal from an order denying a motion to quash levy of execution on a Buick automobile. The correctness of the order primarily depends upon the trial court's rulings on evidentiary matters.

The undisputed facts are that appellee, W. W. Weissbach (as plaintiff), brought suit in the superior court of Maricopa County against defendants John H. Fox and Juanita Evans Fox, his wife, and secured a judgment against both defendants in the sum of $450, with interest and costs. In the interval between initiating the suit and judgment the defendants were divorced. Thereafter, the sheriff levied upon a 1948 Buick convertible coupe under a general execution. Appellant Juanita Evans Fox moved to quash the levy upon the ground that the judgment was a community obligation, whereas the automobile levied upon had at all times been her sole and separate property. A hearing was held at which evidence, both oral and documentary, was adduced. At the conclusion thereof the court denied the motion to quash levy of execution, and struck all of appellant's evidence tending to prove the Buick car was her separate property. A supersedeas bond was given and this appeal followed.

Appellant's two assignments of error are, in substance, (1) that the trial court erred in refusing to quash the levy of execution for the reason that said levy subjected the separate property of the appellant to the payment and satisfaction of a community obligation, and (2), that the court erred in striking the competent testimony presented by appellant tending to prove that the automobile seized by the sheriff was not subject to execution in satisfaction of appellee's judgment.

It is the law in this jurisdiction that (a) a debt incurred during coverture is presumed to be a community debt in the absence of a contrary showing; (b) the separate property of a member of a community is not liable for the payment of a community obligation.

When the debt was incurred the defendants were man and wife. By the judgment the debt was established as a community obligation, hence it could only be satisfied from community assets. Therefore, the crucial question presented is whether the Buick car was a community asset or was it from the beginning the separate property of appellant, Juanita Evans Fox?

At the hearing on the motion to quash the trial court took judicial notice of the file in divorce action No. 31843, entitled Juanita E. Fox, plaintiff, v. John H. Fox, defendant. The decree, entered October 9, 1951, granting the divorce to plaintiff, ordered

"that the following described property is awarded to the plaintiff as her sole and separate property; * * * One Buick automobile."

Dehors the judgment it appears from the unverified complaint for divorce that appellant alleged therein, among other matters,

"*Par. IV:* That plaintiff and defendant have *accumulated as communi-*

*ty property,* the following: Household furnishings—one Pontiac car—one Buick car * * *". (Emphasis supplied.)

and the judgment recited:

"the court * * * finds that all of the material allegations of the complaint are true; * * *."

It is the position of the appellant that she was entitled to show the car in question was, from the date of its acquisition, her sole and separate property and that she did not authorize and was not aware of the allegation in the complaint to the effect that the car in question belonged to the community. All of appellant's efforts to establish these matters—which included an offer of a certificate of title issued in her name, as well as her own testimony and that of her former husband—were effectually blocked when the trial court sustained all objections made by appellee's counsel to this line of testimony (including offers of proof thereof). Eventually a motion to strike all such evidence was granted. The trial court obviously adopted the view, urged by counsel for appellee, that this evidence was an attempt to impeach the verity of the judgment in the divorce action, supra.

By striking the testimony presented by appellant, the trial court either applied the doctrine of judicial estoppel or held that such was an attempt to collaterally attack the judgment in the divorce action, supra.

Appellee has presented and argued but one proposition of law in his brief, i. e., "a judgment cannot be collaterally attacked unless the judgment is void on its face, no matter how erroneous it may be". While the proposition stated is true as an abstract principle, the appellant was not attempting, in this separate action, to avoid or deny the validity of the divorce judgment and, therefore, we hold the testimony presented was not a collateral attack thereon. Cox v. Mackenzie, 70 Ariz. 308, 219 P.2d 1048; Bates v. Mitchell, 67 Ariz. 151, 192 P.2d 720. For a good statement of the applicable rule, see Freeman on Judgments, Fifth Ed., Vol. 1, Sec. 304, page 602.

Let us next consider the doctrine of judicial estoppel or "estoppel by oath" as it applies to the facts of this case. This court in the recent case of Martin v. Wood, 71 Ariz. 457, 229 P.2d 710, reviewed the authorities and determined the rule to be that a party is estopped to assume an inconsistent position in a subsequent proceeding involving the same parties and questions. Cf. In re Graham's Estate, 73 Ariz. 179, 239 P.2d 365. We point out, however, that the instant proceeding is between different parties and the question of whether the Buick automobile was the appellant's separate property was only incidentally in the divorce action.

Whether or not the trial court's action in striking the evidence tending to prove the automobile was appellant's separate

property was error depends on the weight to be given the complaint in the divorce action. If the allegation therein relative to the Buick car being community property is conclusive in the instant case then of course the ruling was correct.

The pleadings in a given suit are distinguished by Professor Wigmore in their office as admissions in the action of which they are a part and their use in other causes. This distinguished authority points out that the pleadings in a suit, for the purposes of that action, are not evidence but an express waiver of controversy, a limitation of the issues. As such they are conclusive subject to the right of amendment, etc. Wigmore on Evidence, 3d Ed., Vol. IV, Sec. 1064. It should be borne in mind, however, that we are not here dealing with a question of the effect of a pleading in an action wherein filed but rather its evidentiary value in another suit. Unquestionably allegations contained in a pleading used in other prior causes are admissions usable as evidence. Dean Wigmore terms this use as a quasi admission (Sec. 1058, ibid.) and states the rule as follows:

"(1) A quasi-admission, of the present sort, being nothing but an item of evidence, is therefore *not in any sense final or conclusive*. The opponent, whose utterance it is, may none the less proceed with his proof in denial of its correctness; it is merely an inconsistency which discredits, in a greater or less degree, his present claim and his other evidence." Sec. 1059, ibid.; see also Sec. 1066, ibid.

As stated in an annotation entitled "Admissibility as evidence of pleadings as containing admissions against interest":

"*V. Conclusiveness:*

"But where no consideration other than that of evidence enters into the question, admissions against interest are not conclusive under any circumstances or in any situation. * * *" 14 A.L.R. 75.

For other authorities to the effect that such written declarations may be contradicted and are always open to explanation, See: 10 Cal.Jur., Evidence, Sec. 321, page 1081 et seq.; 20 Am.Jur., Evidence, Sec. 630; and Annotation appearing in 90 A.L.R. 1409.

The party whose prior pleading is admitted as an admission against interest is entitled, if he can, to overcome by evidence the apparent inconsistency. It might be that it was made under a misapprehension or by inadvertence or mistake, or for the purpose of dispensing with formal proof. We hold, therefore, that the trial court erred in striking the proffered testimony offered by the appellant.

The order denying motion to quash levy of writ of execution is set aside for the reasons above given. The cause is remanded for determination of ownership; i. e.,

whether the car was community property or separate property.

Order set aside.

STANFORD, C. J., and PHELPS, UDALL, LA PRADE, and WINDES, JJ., concurring.