589 P.2d 478

**AMERICAN SAVINGS AND LOAN ASSOCIATION, an Arizona Corporation, Appellant,**

v.

**STEWART TITLE AND TRUST OF TUCSON, an Arizona Corporation, as Trustees under Trust 0891, Appellee.**

**No. 2 CA–CIV 2819.**

Court of Appeals of Arizona, Division 2.

Dec. 22, 1978.

236

Craig, Greenfield & Irwin by Arthur P. Greenfield and W. Charles Thomson, III, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl, P.A. by Daniel Cracchiolo and Jack Daniel Klausner, Phoenix, and Lawrence P. D'Antonio, Tucson, for appellee.

## OPINION

RICHMOND, Chief Judge.

This is an appeal by American Savings and Loan Association, plaintiff in an action to foreclose a mortgage, from a judgment of dismissal following a directed verdict at the conclusion of the plaintiff's case. The appellee defendants, Stewart Title and Trust of Tucson as trustee under Trust No. 0891 and the trust beneficiaries, contend the appeal should be dismissed as untimely, and alternatively that their motion for directed verdict was properly granted because no evidence was introduced that would justify a reasonable man in returning a verdict in favor of the plaintiff.

At the outset, we reject defendants' argument that the appeal is untimely, which is based on their contention that an earlier judgment was appealable in form although it failed to dispose of their counterclaim and lacked the language contained in 16 A.R.S. Rules of Civil Procedure, rule 54(b).[1] They rely on a provision in both the earlier judgment and the amended judgment, from which American Savings has appealed, which states:

---

1. Rule 54(b):

   *Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

IT IS FURTHER ORDERED that defendants' Counterclaim is hereby severed, which Counterclaim may be set for trial at a later date.

Defendants argue that by severing the counterclaim, rather than ordering a separate trial, the judge thereby rendered final the remaining portion of the earlier judgment dismissing the complaint. That the judge intended nothing more, however, than to accord the counterclaim a separate trial is evident not only from the subsequent granting of a motion to amend the judge by addition of the rule 54(b) language, but also from his ruling on the motion to sever following the granting of the motion for a directed verdict:

> MR. CRACCHIOLO: We've got a motion to sever. He's going to grant our motion to sever. I make a motion to sever the counterclaim.
>
> THE COURT: For separate trial. Motion is granted.

Under the circumstances, we decline to dismiss the appeal on the technical grounds urged by defendants.

▆▆▆ Further, we hold it was reversible error to direct a verdict at the conclusion of the plaintiff's case. Although the jury's answers to interrogatories are only advisory in an equitable action of foreclosure, where there are controverted issues of fact it is the duty of the court to listen to the advice of the jury, whether it is followed or not. *Haynie v. Taylor*, 69 Ariz. 339, 213 P.2d 684 (1950). Plaintiff's evidence raised such an issue as to when payment was due on the promissory note secured by the mortgage it sought to foreclose, and thus whether a default had occurred.

The note, which was undated when admittedly executed and delivered on November 12, 1971, provided for payment of the principal sum of $486,921 "THREE HUNDRED SIXTY FIVE DAYS after date," with interest payable semi-annually commencing on May 15, 1972. It provided further:

> This promissory note is secured by a Realty Mortgage bearing even date herewith
> . . . . .

The mortgage was dated November 12, 1971. The attorney who prepared the complaint for foreclosure on behalf of American Savings in September, 1973, testified that at that time he inserted in the note the date of November 12, 1971, thereby making it due and payable on November 12, 1972. In its findings of fact and conclusions of law, the trial court found that the insertion was made without the authority of any of the defendants or of American Savings. The court further found that American Savings was authorized by an "Extension of Payment Agreement" it had submitted to Stewart Title to insert in the promissory note as the date of the first payment, "The first day of the first month following the filing of the Notice of Completion." Inasmuch as no notice of completion had been filed prior to trial, the court concluded that American Savings was not entitled to foreclose the mortgage.

Although it was uncontroverted that the attorney was not expressly authorized by the defendants to insert in the note the date of November 12, 1971, and he did not recall being expressly authorized by American Savings to do so, that does not dispose of the issues of when payment was due and whether a default had occurred. Nor is the "Extension of Payment Agreement," which had not been executed on behalf of American Savings, conclusive on those issues. It provides:

> We authorize you to insert in said note as the date of the first payment, the 1st day of the first month following the filing of the notice of completion.
>
> We agree to make interest payments monthly on the 1st day of each month on the funds as disbursed for the construction of a building on the above listed property. Said interest payments to be deducted from loans in process, with interest computed at the rate of 9% per annum.
>
> Said interest payments only to be made during construction and thereafter payments to be as stated in the note and mortgage. Reserve impounds as needed to be deducted from the final draw.

Such terms are compatible with a note payable in monthly installments of principal and interest following completion of construction, but conflict with a promise to pay the principal sum 365 days after date. While the "agreement" recites authorization to insert "the date of the first payment," it does not purport to authorize insertion of the date of the note itself, and at most created an issue of fact as to when payment was to become due, which should have been submitted to the jury under appropriate instructions.

For the same reasons, the trial court's conclusion that insertion of November 12, 1971, was a material alteration of the note which changed the contract between the parties also was premature. Reference in the note to the realty mortgage as "bearing even date herewith" at least presents a question of fact whether the parties intended the note to become payable 365 days after November 12, 1971, the date of the mortgage.

Finally, although we reverse, we reject the contention by American Savings that the admission in the defendants' answer of the allegation that the note was executed and delivered on or about November 12, 1971, and the unverified allegation in the counterclaim that according to its terms the note became due and payable 365 days thereafter either constituted conclusive judicial admissions or should have been admitted in evidence. The answer and counterclaim were prepared by counsel for the defendants before they became aware that the date appearing on the copy of the note attached to the complaint had been inserted by the attorney for American Savings, and thereafter they took a contrary position, as reflected by the pre-trial order. The date of execution and delivery, as distinguished from the date of the note, was never disputed, and the unverified allegation in the counterclaim was superseded by the pre-trial order. Under the circumstances, the latter allegation referred to the copy of the note attached to the complaint rather than the original note as delivered to American Savings, and constituted neither a judicial admission nor a material admission of a party opponent. It was not error to exclude either of the offered portions of the pleadings.

Reversed and remanded for new trial.

HOWARD and HATHAWAY, JJ., concur.