787 P.2d 1088

**Leonard E. BLACK and Jeanette Black, husband and wife, Plaintiffs/Counter-defendants/Appellants,**

v.

**Kenneth PERKINS, a single man, Defendant/Counter-claimant/Appellee.**

No. 2 CA–CV 89–0105.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 19, 1989.

Review Denied March 20, 1990.

Renaud, Cook, Videan, Geiger & Drury by William R. Mettler, Jr., Phoenix, for plaintiffs/counterdefendants/appellants.

Combs & Stoops by Christopher A. Combs and David Kloberdanz, Phoenix, for defendant/counterclaimant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiffs Leonard and Jeanette Black executed a $42,500 promissory note, secured by a deed of trust on property owned by them, in favor of defendant Kenneth Perkins. They subsequently brought a quiet title action against Perkins claiming the note to be without consideration. Perkins defended by claiming that the note had adequate consideration because it secured a debt owed by Leonard Black's business partner, Joe Guzman; Guzman and Black denied this. This lawsuit was dismissed for want of prosecution on November 17, 1987, and Perkins immediately bought the property at a trustee's sale.

The Blacks successfully sought to reinstate the quiet title action and also brought a second action to set aside the trustee's sale. In the verified complaint in that second action, the Blacks recited the facts concerning the earlier action, and claimed that the trustee's sale was defective, fraudulent, and gave Perkins an enormous windfall profit. Paragraph XIV of that complaint reads:

> Plaintiffs now believe and have taken the position, prior to the dismissal of the above-referenced Maricopa County Cause No. C–604620, that money was in fact owed to Defendant, Ken Perkins. However, Plaintiffs' submit that the amount so owed was in dispute. Plaintiffs' submit to the court that monies shall be deposited with the Maricopa County Clerk's Office sufficient to insure Defendant against any loss of money or other damages resulting from his claimed lien.

An accompanying affidavit by Black contained the following paragraph:

> The initial litigation entitled Black v. Perkins, Maricopa County Cause Number C 604620, was to challenge the Perkins lien and to quiet title with regard to the second deed of trust issued in favor of Defendant Perkins. Based upon the testimony elicited during that litigation prior to its dismissal. That the principle amount owed to Perkins was less than a total of Twenty Thousand Dollars ($20,-

000.00) and it was my impression that settlement negotiations were being discussed for an amount less than the Forty–Two Thousand Five Hundred Dollars ($42,500.00). It was my impression that in these negotiations, Defendant Perkins acknowledged that the full amount of the money owed was less than the promissory note at issue.

The trial court set aside the trustee's sale, consolidated the actions, and granted summary judgment in favor of Perkins, finding that the two paragraphs quoted above constituted a binding admission that the Blacks owed Perkins money and that, therefore, there was consideration for the promissory note. We reverse.

The words of a party, like the words of any other witness, are rarely conclusive. They may be disputed as inaccurate by either. To this there are two exceptions. When a party by pleading or stipulation has agreed to a certain set of facts, he may not contradict them. This is a rule not of evidence but of pleading. When the parties have framed the issues for resolution, they may not change them absent an amendment of the pleadings or trial of the issue by consent. A party so bound is often said to have made a judicial admission. *See generally Paul Schoonover, Inc. v. Ram Construction, Inc.,* 129 Ariz. 204, 630 P.2d 27 (1981); *Starkovich v. Noye,* 111 Ariz. 347, 529 P.2d 698 (1974); *Fox v. Weissbach,* 76 Ariz. 91, 259 P.2d 258 (1953); *Czarnecki v. Czarnecki,* 123 Ariz. 478, 600 P.2d 1110 (App.1978), *approved,* 123 Ariz. 466, 600 P.2d 1098 (1979); 4 J. Wigmore, *Evidence* § 1064 (Chadbourn rev.1972). The other exception is the rule of judicial estoppel—one having obtained judicial relief by asserting one set of facts may not thereafter obtain other relief by asserting a contrary set of facts. *See Colonia Verde Homeowners Ass'n v. Kaufman,* 122 Ariz. 574, 596 P.2d 712 (App. 1979).

The rule, and not its exceptions, is applicable to this case. The pleading in the second action did not reframe the issues as pled in the first action. Neither did those pleadings lead to an affirmative grant of relief in the second action; rather they merely restored the case to the docket for resolution on the merits. Most significantly, however, the statements in the second case were equivocal. They admitted that money was owed. They did not, however, state that Black owed it or that the debt related to the promissory note. While, because they are susceptible to an interpretation in favor of Perkins, they would be admissible as evidentiary admissions, they surely are not conclusive. *See Heth v. Del Webb's Highway Inn,* 102 Ariz. 330, 429 P.2d 442 (1967); *Fox v. Weissbach,* 76 Ariz. 91, 259 P.2d 258 (1953); *Ryan v. State,* 150 Ariz. 549, 724 P.2d 1218 (App.1986); *American Savings & Loan Ass'n v. Stewart Title & Trust,* 121 Ariz. 235, 589 P.2d 478 (App.1978); 4 J. Wigmore, *Evidence* § 1064 (Chadbourn rev.1972).

Reversed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.