10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederic HEIM, Plaintiff-Appellee,
v.
Walter MESEROLE; Thomas Usher and Jane Doe Usher, his wife,
Defendants-Appellants.
 Nos. 91-15115, 91-15116.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Nov. 12, 1993.
 
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Meserole, and Thomas and Jeanne Usher appeal the district court's Opinion and Order finding them jointly and severally liable to Frederic Heim for damages resulting from the fraudulent misrepresentations made to Heim by Meserole and Thomas Usher in violation of Arizona law and Section 10 of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j and Rule 10-b5 issued thereunder.
 
 A.
 
 3
 Appellants challenge the district court's holding of joint and several liability against the separate property of Jeanne Usher claiming that the record contains no evidence of her participation in the fraudulent conduct. Appellee responds, first, that Jeanne Usher may be held jointly and severally liable because Thomas Usher's actions were intended to benefit their marital community. Second, according to the appellee, "the record is unequivocal and uncontested that Jeanne did participate and so her separate property is properly subject to judgment." We reverse the holding of the district court.
 
 
 4
 A trial court's resolution of a question of law is reviewed de novo. Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992); DeNieva v. Reyes, 966 F.2d 480, 482 n. 1 (9th Cir.1992).
 
 
 5
 First, Arizona law is clear that, even if Thomas Usher acted for the benefit of the Ushers' marital community, this entitles the appellee to reach only the Ushers' marital property and the separate property of Thomas Usher. Under Ariz.Rev.Stat.Ann. Sec. 25-215(D), either spouse may contract debts for the benefit of the marital community. "In an action on such a debt or obligation, the spouses shall be sued jointly and the debt or obligation shall be satisfied ... from the community property, and ... from the separate property of the spouse contracting the debt or obligation." Sec. 25-215(D). Furthermore, Ariz.Rev.Stat.Ann. Sec. 25-215(A) states that the separate property of a spouse shall not be liable for separate debts or obligations of the other spouse, absent agreement of the property owner to the contrary.
 
 
 6
 Arizona case law also supports that conclusion. See Fox v. Weissbach, 259 P.2d 258, 259 (1953) (Supreme Court of Arizona stated "[i]t is the law of [Arizona] that ... the separate property of a member of a community is not liable for the payment of a community obligation"). See also Keplinger v. Boyett, 433 P.2d 1006, 1009 (Ariz.Ct.App.1967) ("the separate property of the wife is not liable for a community debt"); Union Bank v. Pfeffer, 502 P.2d 535, 537 (Ariz.Ct.App.1972) (spouse could not be held personally liable for community obligations even to the extent that her separate property resulted from marital property she received when her husband died).
 
 
 7
 Therefore, even if Thomas Usher acted for the benefit of his marital community, the appellee may reach only the Ushers' marital property and the separate property of Thomas Usher.
 
 
 8
 Second, the trial court did not find that Jeanne Usher actively participated in the fraudulent conduct in this case. The court's opinion did not address this issue at all. A review of the trial transcript and the record does not reveal any indication of Jeanne Usher's participation. In fact, in a letter submitted to this Court on September 22, 1993, appellee's counsel acknowledged that "there is no 'evidence of Jean [sic] Usher's participation in the acts which led to judgment against her.' "
 
 
 9
 Therefore, because the record does not support a finding that Jeanne Usher's separate property may be used to satisfy the judgment in this case, we reverse that portion of the district court's Judgment. As to the Ushers' liability, we hold that only the Ushers' marital property and Thomas Usher's separate property may be reached in satisfaction of the judgment.
 
 B.
 
 10
 United States District Court for the District of Arizona Local Rule 47 requires prevailing parties to file proposed findings of facts and conclusions of law within five days after the court renders its judgment. In this case, the plaintiff, the prevailing party, failed to do so. The defendant moved for dismissal of the case for want of prosecution and the district court denied this motion. Appellants appeal this denial.
 
 
 11
 The district court's denial of the defendant's motion to dismiss for want of prosecution is reviewed for abuse of discretion. Carey v. King 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam).
 
 
 12
 The district court found that, by instructing the Clerk to enter judgment in favor of the plaintiff, the court was, in effect, exercising its discretion and directing that no findings of fact and conclusions of law be filed. Rule 47 explicitly provides that a trial judge may order the non-filing of findings of fact and conclusions of law. Therefore, the judge did not abuse his discretion by so ordering.
 
 C.
 
 13
 The appellants also contend that the trial court made a series of erroneous findings of fact. A district court's findings of fact are reviewed for clear error. Fed.R.Civ.P. 52(a); In re San Vicente Medical Partners, 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). After a careful review of the record we find that the district court's findings of fact are not clearly erroneous.
 
 CONCLUSION
 
 14
 For the foregoing reasons, we affirm the district court's Judgment except that we reverse the district court's determination that Jeanne Usher's separate property is jointly and severally liable for the judgment.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3