NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARORA CLEMENTINE, et al.,
*Plaintiffs/Appellants*,

v.

RUGABIRWA RUHORIMBERE, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 21-0013
FILED 4-26-2022

Appeal from the Superior Court in Maricopa County
No. CV2018-014462
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Clifford Levenson Attorney at Law, Phoenix
By Clifford I. Levenson
*Co-Counsel for Plaintiffs/Appellants*

Law Offices of Kenneth P. Bemis, Tempe
By Kenneth P. Bemis
*Co-Counsel for Plaintiffs/Appellants*

Cronus Law, PLLC, Phoenix
By Roger D. Smith
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1 Marora Clementine and Mvuyekure Fabrice ("Plaintiffs") appeal from an adverse judgment on their claims for breach of contract, issued after a bench trial, and from the superior court's award of attorney fees to Rugabirwa Ruhorimbere ("Defendant"). For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On appeal from a bench trial, we view and thus recount the evidence in the light most favorable to upholding the judgment. *See Town of Florence v. Florence Copper Inc.*, 251 Ariz. 464, 468, ¶ 20 (App. 2021).

¶3 In late 2015, Defendant and Lilianne Nyambo started a new business named H & L Devotion, which would operate senior assisted living homes. They were married at the time, and each contributed money to the venture. H & L then purchased two assisted living homes.

¶4 A few months later, Plaintiffs sued Lilianne and Defendant for breach of an oral "joint business venture." Plaintiffs alleged that they agreed to invest $85,000 into the venture for one-half of its monthly profits.

¶5 The court held a bench trial in June 2020, at which it dismissed Lilianne as a defendant based on service of process questions. The court heard testimony from several witnesses: Plaintiffs, Defendant, Lilianne, H & L's accountant, and a business appraisal expert. Defendant denied any agreement.

¶6 After trial, the court entered judgment for Defendant. Neither Plaintiffs nor Defendant sought findings of fact, and the court made none. The court awarded Defendant his costs and attorney fees. Plaintiffs timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶7**        Plaintiffs make an assortment of arguments on appeal, many of them unsupported by citation to legal authority or the record. We remind counsel of this court's rules. *See* ARCAP 13(a)(7)(A). And though we may assume Plaintiffs have waived their arguments, *Ritchie v. Krasner*, 221 Ariz. 288, 306, ¶ 62 (App. 2009) (failure to properly develop argument on appeal results in waiver), we exercise our discretion to consider and reject them.

**¶8**        Plaintiffs first challenge the factual basis for the superior court's judgment. We defer to the court's factual findings unless clearly erroneous, giving "due regard to the trial court's opportunity to judge the credibility of witnesses," but we review legal questions de novo. *Town of Marana v. Pima County*, 230 Ariz. 142, 152, ¶ 46 (App. 2012); Ariz. R. Civ. P. 52(a)(6). We affirm the court's judgment if correct for any reason. *FL Receivables Tr. 2002–A v. Ariz. Mills, LLC*, 230 Ariz. 160, 166, ¶ 24 (App. 2012).

**¶9**        Plaintiffs have shown no error. First, because the superior court entered no written findings of fact, this court "must assume that [it] found every controverted issue of fact necessary to sustain the judgment." *Fleming v. Becker*, 14 Ariz. App. 347, 350 (1971). Second, the record offers ample support for the superior court's judgment that Defendant did not breach the contract, including the live testimony of Plaintiffs, Defendant, and H & L's accountant. *See Moore v. Title Ins. Co. of Minn.*, 148 Ariz. 408, 413 (App. 1985) (a finding is not erroneous "if there is substantial evidence to support it, even though there might be substantial conflicting evidence"). We will not reweigh the evidence on appeal. *State v. Buccheri-Bianca,* 233 Ariz. 324, 334, ¶ 38 (App. 2013) ("It is not the province of an appellate court to reweigh evidence or reassess the witnesses' credibility.").

**¶10**        Plaintiffs counter with new theories on appeal. "When the parties have framed the issues for resolution, they may not change them absent an amendment of the pleadings or trial of the issue by consent." *Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989). Nor can the parties argue new theories on appeal. *State ex rel. Brnovich v. Miller*, 245 Ariz. 323, 324, ¶ 5 (App. 2018).

**¶11**        Plaintiffs also contest the superior court's $18,500 award of attorney fees to Defendant under A.R.S. § 12-341.01. An award of attorney fees "is discretionary with the trial court," and we will not disturb it if supported by any reasonable basis. *See Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007). Because Plaintiffs show no abuse of

discretion, we affirm the award. This lawsuit lasted almost two years (including a two-day bench trial), defense counsel supported his request with relevant records and an affidavit, and the superior court reduced the award from what Defendant sought.

## CONCLUSION

¶12 We affirm the superior court's judgment and attorney fees award. Defendant and Plaintiffs request their attorney fees on appeal under A.R.S. § 12-341.01 and ARCAP 21. As the successful party, we award Defendant his reasonable attorney fees and costs on appeal under A.R.S. § 12-341.01, contingent upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA