NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LAS VENTANAS I, LLC, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF ENVIRONMENTAL QUALITY,
*Defendant/Appellee*.

No. 1 CA-CV 21-0635
FILED 1-31-2023

Appeal from the Superior Court in Maricopa County
No.  CV2020-008499
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Berry Riddell LLC, Scottsdale
By Martin A. Aronson, Jeffrey D. Gross
*Counsel for Plaintiff/Appellant*

Dickinson Wright PLLC, Phoenix
By Scot L. Claus, Vail C. Cloar, Holly M. Zoe
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1 Plaintiff Las Ventanas I, LLC, appeals from a judgment dismissing, as time-barred, its claims against defendant Arizona Department of Environmental Quality (ADEQ) and the denial of its motion for leave to amend. Because Las Ventanas has shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 This dispute arises out of contamination caused by three leaking underground storage tanks on property known as the Perryville Feed Store in Goodyear, Arizona. When removed in 1991, workers learned the tanks had leaked gasoline into the soil. ADEQ then accepted cleanup responsibility.

¶3 In 2012, after cleanup activities had stalled, ADEQ told the owner of an adjacent 160-acre parcel that it was resuming cleanup efforts. In 2013, Las Ventanas bought that 160-acre parcel. In 2016, ADEQ sent Las Ventanas' principal Tom Tait, Jr., a letter detailing cleanup plans for the Perryville Feed Store property. Las Ventanas has spent about $2.9 million to develop more than 400 residential lots on its 160-acre parcel.

¶4 On March 29, 2019, ADEQ met with Las Ventanas' Tait and others to discuss the cleanup efforts. ADEQ prepared Meeting Minutes summarizing that discussion, which Las Ventanas quotes in, and attaches to, its amended complaint. The Meeting Minutes state, at that March 29, 2019 meeting, Tait "expressed his concerns due to presence of the contamination under [the Las Ventanas property] derived from the" leaking underground storage tanks on the Perryville Feed Store property.

¶5 About 300 days after that March 2019 meeting, Las Ventanas served a notice of claim on ADEQ and the Arizona Attorney General. *See* Ariz. Rev. Stat. (A.R.S.) § 12-821.01 (2023).[1] When Las Ventanas received no response within 60 days, the notice of claim was deemed denied. *See* A.R.S. § 12-821.01(E). In July 2020, Las Ventanas filed this lawsuit against ADEQ, alleging negligence and estoppel for ADEQ's failure to prevent the contamination from spreading to Las Ventanas' property. Las Ventanas acknowledged that its claims do "not arise from any lost sale due to contamination on [the Perryville Feed Store property], but from the physical invasion of [Las Ventanas'] own property by the plume that ADEQ failed to remediate." ADEQ moved to dismiss, arguing (among other things) that Las Ventanas' notice of claim was untimely. *See* A.R.S. § 12-821.01(A) (requiring notice of claim to be served within 180 days after cause of action accrues). Las Ventanas opposed that motion and sought leave to amend its complaint to add a continuing nuisance count.[2]

¶6 After full briefing and oral argument, the superior court granted ADEQ's motion to dismiss and denied Las Ventanas' motion for leave to amend as futile. The court reasoned that Las Ventanas, through Tait, was aware of the contamination of its land at least by the March 29, 2019 meeting, but did not file the notice of claim within 180 days of that meeting. After denying Las Ventanas' motion to reconsider, the court entered a final judgment. *See* Ariz. R. Civ. P. 54(c). This court has jurisdiction over Las Ventanas' timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶7 Las Ventanas argues the court erred in granting the motion to dismiss, a decision this court reviews de novo. *See Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70 ¶ 7 (App. 2014). Las Ventanas also argues the court erred in denying its motion for leave to amend, a decision this court reviews for an abuse of discretion. *See Alosi v. Hewitt*, 229 Ariz. 449, 452 ¶ 13 (App. 2012).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Las Ventanas also sought leave to add a "strict liability" count, but has not pressed that issue on appeal, meaning it is waived. *Nelson v. Rice*, 198 Ariz. 563, 567 ¶ 11 n.3 (App. 2000).

**I.      Because Las Ventanas Did Not Timely Serve a Notice of Claim, the Court Properly Dismissed the Complaint as Time-Barred.**

**¶8**          Any person with a claim for damages against a public entity must serve a notice of claim on the public entity within 180 "days after the cause of action accrues." A.R.S. § 12-821.01(A). Under this statute, "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). Put differently, the time to file a notice of claim "accrues when the party either knew or should have known to investigate the defendant's potential liability for the injury." *Humphrey v. State,* 249 Ariz. 57, 66 ¶ 30 (App. 2020) (citations omitted); *accord Cruz v. City of Tucson*, 243 Ariz. 69, 72 ¶ 8 (App. 2017) (accrual occurs "when 'a reasonable person would have been on notice to investigate'") (citation omitted). Inquiry notice causes accrual of the time to file a notice of claim; delaying accrual until a party has "facts sufficient to file a complaint would be contrary to the plain language of the notice-of-claim statute." *Humphrey*, 249 Ariz. at 65 ¶ 28. "Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." A.R.S. § 12-821.01(A).

**¶9**          Las Ventanas contends that the court erred in considering the March 29, 2019 Meeting Minutes when concluding its notice of claim was not timely. When ruling on a motion to dismiss for failure to state a claim, the court properly considers "well-pleaded factual allegations, reasonable inferences from the alleged facts, and the complaint's exhibits." *Watts v. Medicis Pharm. Corp.*, 239 Ariz. 19, 22 ¶ 2 (2016). "Courts must also assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008). Las Ventanas' amended complaint quotes from, and attaches, the March 29, 2019 Meeting Minutes. Thus, the court could properly consider the Meeting Minutes.

**¶10**          The Meeting Minutes state that, at the March 29, 2019 meeting, Las Ventanas' Tait "expressed his concerns" that Las Ventanas' property was contaminated because of the leaking tanks on the Perryville Feed Store property. Las Ventanas argues the Meeting Minutes were "ambiguous" and do not specify the author or corroborate the reported statements. Contrary to Las Ventanas' arguments, however, the fact that the author of the Meeting Minutes is not specified and that the statements reported are not corroborated is not dispositive. For this same reason, Las Ventanas' attempt to show its definitive knowledge on August 30, 2019,

about contamination of its property based on a written report it received, all as alleged in the proposed second amended complaint, is not dispositive. The issue is whether, by March 29, 2019, Las Ventanas "knew or should have known to investigate the defendant's potential liability for the injury." *Humphrey*, 249 Ariz. at 66 ¶ 30. The Meeting Minutes show, by March 29, 2019, Las Ventanas had actual knowledge of contamination of its property *and* knew or should have known to investigate contamination of its property. Yet it waited more than 180 days to serve the notice of claim.

¶11          Las Ventanas next argues that the Meeting Minutes "could mean that as of March 2019, Mr. Tait's concerns were due to possible presence of contamination under the Las Ventanas Property." Las Ventanas also argues that, if the case proceeded, depositions might show that Tait "was merely expressing concern over possible contamination," that Las Ventanas did not know about contamination of its property before March 2019 and that no evidence corroborated the minutes. Under the inquiry notice standard in *Humphrey*, however, these alternative views of what the Meeting Minutes could mean still support the conclusion the claim accrued by March 29, 2019. *See* 249 Ariz. at 66 ¶ 30. Nor does the record support Las Ventanas' argument that the court applied the "plausibility" standard from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which Arizona has rejected, *see Cullen*, 218 Ariz. at 421 ¶ 18 (Hurwitz, J., concurring in part and dissenting in part).

¶12          Finally, Las Ventanas argues the Meeting Minutes "were not an admission" and that its proposed second amended complaint, discussed below, would have "at least created a fact issue as to whether the notice of claim filed . . . was timely." But the proposed second amended complaint quotes the Meeting Minutes and included them as an attachment, just as the amended complaint had done and without material changes. In that respect, the proposed second amended complaint "did not reframe the issues," *Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989), and would not have cured the prior complaint's "defects," *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439 (App. 1999). For these reasons, the court properly granted ADEQ's motion to dismiss.

## II.     The Court Did Not Abuse Its Discretion in Denying Las Ventanas' Motion for Leave to File a Second Amended Complaint.

¶13          Las Ventanas argues the court abused its discretion in denying its motion for leave to file a second amended complaint as futile. Las Ventanas argues its proposed second amended complaint was proper because it would have (1) shown the claims accrued on August 30, 2019 (not

March 29, 2019) and (2) added a continuing nuisance claim it asserts is not time-barred under the "continuing wrong" doctrine. Neither argument establishes error.

¶14 Las Ventanas' proposed second amended complaint left substantively unchanged the quote from the Meeting Minutes, and would have attached them as an exhibit. The proposed second amended complaint did seek to add an allegation that "[o]n or about August 30, 2019, through receipt of a report prepared by ADEQ's contractor containing a diagram showing the extent of contamination, Las Ventanas discovered that, contrary to ADEQ's prior representations, contamination had spread under a portion of the Las Ventanas Property." The ADEQ contractor is not named, and the report is not specified or attached. More importantly, Las Ventanas has not shown how its alleged actual knowledge of contamination in August 2019 would negate that, by March 29, 2019, it "knew or should have known to investigate the defendant's potential liability for the injury." *Humphrey*, 249 Ariz. at 66 ¶ 30.

¶15 The proposed second amended complaint also sought to add a "continuing nuisance" claim, alleging the contamination of Las Ventanas' property is a nuisance that ADEQ has allowed to continue. Las Ventanas argues a continuing nuisance claim is an ongoing tort that, under the common law, accrues anew each day the continuing nuisance exists, meaning it would not be completely time-barred. *See Garcia v. Sumrall*, 58 Ariz. 526, 533 (1942) (recognizing for claim subject to two-year statute of limitations, "where a trespass is continuing in its nature, if the action be brought at any time within two years of the last trespass, it is good and damages may be recovered for all of the statutory period prior to the commencement of the action"). Here, however, accrual time for a notice of claim is a "creature[] of statute, not the common law." *Watkins v. Arpaio*, 239 Ariz. 168, 173 ¶ 18 (App. 2016).

¶16 Section 12-821.01 governs the accrual for claims against a public entity. *See Watkins*, 239 Ariz. at 173 ¶ 18. That statute forecloses the application of the common-law "continuing wrong" doctrine as applied here. *Id.* Moreover, Las Ventanas has not shown that *Watkins* is distinguishable or otherwise does not apply.

¶17 Nor is *Maricopa County v. Rovey*, 250 Ariz. 419 (App. 2020), cited by Las Ventanas in its reply on appeal, to the contrary. *Rovey* noted the difference between continuous and permanent nuisances recognized at common law in some older Arizona cases. *Id.* at 425 ¶¶ 17-18 (citing *City of Tucson v. Apache Motors*, 74 Ariz. 98, 102 (1952); *Garcia*, 58 Ariz. at 533; and

*City of Phoenix v. Johnson*, 51 Ariz. 115, 126 (1938)). In doing so, *Rovey* highlighted what *Apache Motors* described as "[m]uch confusion" about the difference between the two types of nuisances. 74 Ariz. at 101. *Rovey*, however, found the trespass claim was permanent and was time-barred under the notice of claim statute. 250 Ariz. at 425 ¶ 20. Thus, *Rovey* had no occasion to consider whether a continuous trespass claim (or a continuous nuisance claim as Las Ventanas sought to assert here) would alter the accrual date directed by A.R.S. § 12-821.01(A).

¶18        The continuing tort doctrine does not apply to extend the statutory limitations period for a notice of claim under A.R.S. § 12-821.01(A). Thus, the continuing nuisance claim Las Ventanas sought to add in a second amended complaint was time-barred. For these reasons, the court properly denied Las Ventanas' motion for leave to file a second amended complaint.[3]

**CONCLUSION**

¶19        The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[3] Given this conclusion, this court need not (and expressly does not) address the other competing arguments about whether Las Ventanas should have been granted leave to amend or whether the court's dismissal can be sustained on alternative grounds.