NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RENEE SUE MYERS, *Petitioner/Appellant*,

*v.*

RONALD RAY MYERS, *Respondent/Appellee*.

No. 1 CA-CV 22-0481 FC
FILED 8-24-2023

Appeal from the Superior Court in Maricopa County
No. FN2018-051774
The Honorable Robert A. Budoff, Judge (Retired)

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Rader Law Firm, PLLC, Phoenix
By Diana I. Rader
*Co-Counsel for Petitioner/Appellant*

High Desert Family Law Group, LLP, Phoenix
By Craig Peter Cherney
*Co-Counsel for Petitioner/Appellant*

Law Offices of John R. Zarzynski, Phoenix
By John R. Zarzynski, Bobbie Lentz
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

---

**C R U Z**, Judge:

¶1   Renee Sue Myers ("Wife") appeals several rulings relating to the property allocation in the decree dissolving her marriage to Ronald Ray Myers ("Husband"). For the reasons stated below, we reverse the offset of Husband's entire *Schickner* claim against Wife's equalization payment and instruct the court to deduct only Wife's share of the *Schickner* payment from the equalization on remand. We affirm all other rulings.

**FACTUAL AND PROCEDURAL HISTORY**

¶2   The parties married in 1989 and own farm property and operations in Iowa. Wife lives in Arizona, and Husband lives primarily in Iowa.

¶3   Wife petitioned for dissolution in 2018. The parties agreed to mediation and arbitration of any issues remaining after mediation. The superior court signed a stipulated order appointing a family law master ("family law master") under Arizona Rule of Family Law Procedure ("Rule") 72.[1] The parties reached a Rule 69 agreement on several issues. The family law master held a two-day trial to resolve the remaining property disputes.

¶4   The initial ruling decided all issues except spousal maintenance and attorneys' fees. Wife moved for reconsideration under Rule 35.1; alternatively, she sought clarification under Rule 84 or relief under Rule 85. The family law master heard oral argument on Wife's

---

[1] The parties and family law master use the terms "arbitrator" and "arbitration proceedings." But the court appointed a family law master under Rule 72, as stipulated by the parties. By contrast, arbitration is governed by Rule 67.2 and Arizona Revised Statutes ("A.R.S.") sections 12-3001 to -3029. Because the court appointed a family law master, we use that term.

motion, made some adjustments, and denied the remainder of Wife's arguments. After Wife withdrew her claim for spousal maintenance, the family law master entered an order on the attorneys' fees issue and lodged a decree for the court's signature.

¶5 Before the superior court signed the decree, Wife moved to alter or amend the decree under Rule 83. On Husband's motion and over Wife's objection, the court referred this motion to the family law master, who denied the motion except as to one issue not relevant to the appeal. The court entered the family law master's ruling as a final order. Wife filed a notice of appeal from the decree and order denying relief under Rule 83.

¶6 Because there was no signed decree from the superior court, we stayed Wife's appeal. After receiving a signed decree from the court, we reinstated Wife's appeal and exercise jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and (2).

## DISCUSSION

¶7 Wife appeals several rulings allocating community property. In determining an equitable division of community property and debts, the superior court has broad discretion, and we will not disturb that ruling absent an abuse of discretion. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010).

¶8 The trial was not recorded, so there is no transcript. *See* ARCAP 11(c) (it is appellant's duty to order transcripts for appeal). When transcripts are not included, "we assume the missing portions of the record would support the trial court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003).

I.    Farm Rental Income

¶9 The community owned multiple farm properties in Iowa that generated rental income. Throughout the litigation, Husband received rental income totaling $421,619.25, and deposited it into a bank account (#3835) in his name only. He made no withdrawals and did not dispute the joint nature of the rental income. The decree did not specifically refer to this rental income or bank account, but it awarded Husband all bank accounts in his name.

¶10 Wife contends, as she did in her post-decree motions, that the family law master erred by failing to allocate these funds. As a result, she argues, the parties hold these undivided assets as tenants in common under

A.R.S. § 25-318(D). Additionally, Wife claims Husband failed to disclose the amount of rental income until one day before trial. The family law master denied Wife's post-decree motions on these issues without comment.

¶11 Husband counters that the decree awarded the rental income to the party receiving the corresponding farm property, as Husband proposed. According to Husband, this is fair and equitable because the rental income was necessary to offset the expenses of the farm operations that he had been paying.

¶12 As to the alleged untimely disclosure, at the mediation some three months *before* the trial, Husband disclosed that he had deposited $421,000 in rent checks into a separate account in his name. Although he apparently did not provide a detailed list of these checks until the eve of trial, given the lack of a transcript, we cannot say the family law master erred in finding Wife was not prejudiced.

¶13 For the first time in her reply brief, Wife argues that Husband is judicially estopped from denying her right to half these funds based on a letter from his attorney that did not dispute the joint nature of the funds. Generally, arguments raised for the first time in a reply brief are deemed waived. *Johnson v. Provoyeur*, 245 Ariz. 239, 243, ¶ 13 n.5 (App. 2018).

¶14 Even if the argument is not waived, the letter does not warrant reversal. Wife argues judicial estoppel applies, but in essence, her claim is that Husband should be bound by his judicial admission. *See Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989). A judicial admission binds a party who has stipulated to or plead a certain set of facts. *Compare id., with In re Marriage of Thorn*, 235 Ariz. 216, 222, ¶ 27 (App. 2014) ("Judicial estoppel prevents a party who has assumed a particular position in a judicial proceeding . . . [from assuming] an inconsistent position in a subsequent proceeding involving the same parties and questions.") (citations and internal quotation marks omitted). At trial, Husband proposed that the court should award him the joint funds to offset the community farming expenses if he is awarded the corresponding community farms and the related debts. Thus, his position at trial is not inconsistent with the letter.

¶15 The family law master awarded Husband all farm property and all bank accounts in his name. Although it did not expressly list the farm rental income in bank account #3835, this award implicitly includes those funds. Because we lack a transcript of the trial, we presume the evidence would support the allocation of the farm rental income to

Husband to offset the farming expenses Husband incurred in maintaining the farms. *See Burton*, 205 Ariz. at 30, ¶ 16.

II.     Ashmatt Farm Grain Sales and Insurance Proceeds

¶16     The parties agreed to award Ashmatt Farm to Husband with a value of $750,000 "not including the value of the grain on hand" because that amount was disputed. After reaching that agreement but before trial, Husband received two payments related to Ashmatt Farm: (1) $176,046.43 for "Nelson grain" on October 27, 2020, and (2) $124,902 in insurance proceeds for crop damage on November 4, 2020. Wife argues the decree failed to award her one-half these proceeds.

¶17     The decree found the grain on hand had been "equally divided with Wife's share having been delivered to Nelson for sale or holding at her discretion. The [family law master] received no convincing evidence of other grain holdings that are in need of division." Wife argues the trial testimony does not support this finding and her pretrial statement showed that she was entitled to one-half of these proceeds. Wife's assertions in her pretrial statement are not conclusive evidence on this point. *See Bank of Yuma v. Arrow Constr. Co.*, 106 Ariz. 582, 585 (1971) ("Allegations in pleadings are not evidence; they are statements of facts which the pleader must prove unless admitted by the opposing party."). Without a transcript, we presume the evidence at the trial supported the family law master's conclusion. *See Burton*, 205 Ariz. at 30, ¶ 16.

¶18     As to the insurance proceeds, the decree awarded Wife one-half of the proceeds once Husband resolved the claim. Based on the record on appeal, we cannot determine whether the claim was fully resolved before the decree. Nevertheless, Husband does not dispute Wife's entitlement to the insurance proceeds. If he fails to pay, Wife may seek enforcement at that time.

III.    Valuation of Personal Property and Farm Equipment

¶19     The decree awarded Husband all personal property and farm equipment worth $754,000. The family law master explained that this was the mid-point of the parties' appraisals, excluding items in the PK Farm and Ashmatt Farm valuations. Wife argues this was a mathematical error because the mid-point of the parties' appraisals is $1,287,867.

¶20     To be sure, Wife's appraisal value was $1,457,335, and Husband's was $1,118,399. The average of those two amounts is $1,287,867. However, the decree stated that the $754,000 in personal and farm property

*did not include* items in the PK or Ashmatt Farm valuations. Thus, the valuation would necessarily be lower than the average of the appraisals because it excluded these items. Wife was awarded one-half the value of PK and Ashmatt Farms, which, in the absence of a transcript, we presume included the value of the personal property and equipment related to those farms. We find no abuse of discretion.

IV.     Awarding Husband Credit for Future Tax Liabilities

**¶21**     The family law master determined that $616,500 in taxes were due on the farming operations awarded to Husband. The decree ordered Husband to pay this debt and reduced Wife's equalization payment by one-half this amount ($308,250). Wife argues this is an abuse of discretion because the debt was for a future and speculative tax liability, not a result of the divorce. *See In re Marriage of Goldstein*, 120 Ariz. 23, 25 (1978).

**¶22**     When allocating community property, the court may consider "accrued or accruing taxes that would become due on the receipt, sale or other disposition of the property." A.R.S. § 25-318(B). The court may reduce the value of an asset by deducting future tax liabilities where the "immediate taxable consequences occur[] in connection with the division of the property." *Goldstein*, 120 Ariz. at 25. However, the court abuses its discretion when it considers future expenses that are not a result of the division of property in the decree but, instead, "represent[] a future contingent cost which will arise from [the spouse's] post-dissolution use of his separate property." *Id.*

**¶23**     The family law master found the $616,500 in taxes due on the farming operations based on uncontroverted testimony from Doug Wirth and Exhibit 34 drafted by the parties' tax preparer.

**¶24**     Exhibit 34 estimated a $616,500 tax liability if PK Farm corporation "closed at this time." Husband does not dispute that this letter showed the tax liability would occur if the PK Farm corporation closed. The decree did not state that this was an immediate tax consequence or a tax consequence resulting from the property division. Without a transcript, we cannot determine if the corporation will close as a result of the dissolution or if that is a future, speculative event within Husband's control. Wife argues that it is the latter, but we lack the trial transcript to determine if the testimony supports her argument. We must presume Wirth's testimony supports the implicit conclusion that the taxes were due immediately. *See Burton*, 205 Ariz. at 30, ¶ 16. Therefore, the allocation does not violate *Goldstein*.

¶25    Wife also contends the family law master erred in relying on Wirth as an expert tax witness.  On this record, we presume the record supports the family law master's conclusion that the witness was qualified and the disclosure was timely.  *See Burton*, 205 Ariz. at 30, ¶ 16.

V.    *Schickner* Award

¶26    At trial, Husband argued that he was not fairly compensated for his services to the community businesses after the date the petition for dissolution was served.  According to Husband, his reasonable compensation was around $145,000 per year, but he only drew $15,348.  The family law master agreed and awarded Husband $324,120 as his additional fair compensation from the community businesses post-service.  *See Schickner v. Schickner*, 237 Ariz. 194, 200-01, ¶¶ 27-28, 30 (App. 2015).

¶27    Wife does not dispute the finding that Husband was owed additional reasonable wages of $324,120.  Rather, she contends it was an abuse of discretion to order her to pay the entire sum instead of half of the additional compensation because the farming businesses were a community asset.  We review the allocation of property for an abuse of discretion.  *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).  An abuse of discretion occurs when the court commits an error of law in reaching a discretionary conclusion or when the record lacks competent evidence to support the decision.  *Engstom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

¶28    Although the additional compensation is Husband's separate property, *see* A.R.S. § 25-213(B), *see also Schickner*, 237 Ariz. at 200, ¶ 27, the community businesses owe the additional compensation, not just Wife.  Because the businesses are community assets, Wife should only pay her share of the additional compensation.  Thus, the superior court erred when it deducted the entire amount owed from Wife's equalization payment.  We reverse the order deducting all of Husband's additional compensation from Wife's equalization payment.  On remand, the court shall reduce Wife's equalization payment by her share, or one-half of $324,120 ($162,060).

**CONCLUSION**

¶29    We reverse the ruling on the payment of Husband's *Schickner* claim and remand for a recalculation of the equalization payment consistent with this decision.  We affirm all other rulings in the decree.  Both parties requested their attorneys' fees and costs on appeal.  We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal.  A.R.S. § 25-324(A).  In the exercise of our

discretion, we deny both parties their attorneys' fees on appeal. As the prevailing party, Wife is entitled to her costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA